# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No.03-cr-73-WH |
|  | : |  |
| *Plaintiff,* | : | **CAPITAL 2255 PROCEEDINGS** |
|  | : |  |
| -v- | : | HON. RONALD A. WHITE |
|  | : |  |
| EDWARD LEON FIELDS, JR., | : |  |
|  | : |  |
| *Defendant.* | : |  |
|  | : |  |

### PETITIONER'S UNOPPOSED MOTION
### FOR APPOINTMENT OF COUNSEL AT NO COST TO THE COURT

Petitioner, EDWARD LEON FIELDS, JR., an indigent federal prisoner under sentence of death imposed by this Court, respectfully moves the Court, without opposition from the United States, and pursuant to 18 U.S.C. § 3599(a)(2), to appoint counsel to represent him in pursuing any and all available post-conviction remedies, including the investigation, preparation, and prosecution of a motion for post-conviction relief pursuant to 28 U.S.C. § 2255.[1]

---

[1] This motion is being presented on Mr. Fields' behalf by undersigned counsel, James L. Hankins, whom this Court appointed to represent Mr. Fields in the direct appeal proceedings which have just concluded, because Mr. Fields is otherwise unrepresented and not in a position to file this motion with the Court himself. The undersigned counsel is unable to serve as Mr. Fields' 2255 counsel because of his previously existing professional commitments. Moreover, as the Court is aware,

Specifically, Mr. Fields requests that the Court appoint the Capital Habeas Corpus Unit of the Federal Public Defender in Philadelphia, Pennsylvania. In support, he states the following.

1.      Petitioner, EDWARD LEON FIELDS, JR., is a federal prisoner sentenced to death as a result of his convictions in this Court (No.03-cr-73).  The convictions and sentences were affirmed by the United States Court of Appeals for the Tenth Circuit on direct appeal.  United States v. Fields, 516 F. 3d 1923 (10th Cir. 2008).  Mr. Fields' petition for certiorari was denied by the Supreme Court on April 6, 2009.  Fields v. United States, 2009 WL901548 (April 6, 2009).

2.      Mr. Fields wishes to commence proceedings under 28 U.S.C. § 2255 challenging his convictions and sentences. He is entitled to the assignment of counsel for this purpose. 18 U.S.C. § 3599(a)(2).  This motion seeks the appointment of counsel from the Capital Habeas Corpus Unit (CHU) of the Federal Public Defender Office in Philadelphia, Pennsylvania.  As explained below, the CHU has received dedicated funding from the Administrative Office of the United States Courts (AO) to provide assistance in capital § 2255 litigation like this one, around the nation.

---

2255 counsel must assess prior counsel's performance as part of evaluating the available claims for relief.  Counsel therefore cannot undertake such a review of his own representation even if he were otherwise available for appointment.  These circumstances require the appointment of other counsel.

Moreover, proposed CHU counsel possess specialized expertise in capital post-conviction litigation which will both assure that Mr. Fields receives the qualified counsel to which he is entitled and insure that the case is handled efficiently and without wasting resources.

3.    Ruth Friedman, Director of the AO-sponsored Federal Capital Habeas Project, recently wrote a letter of introduction to this Court in which she explained that her Project is responsible for recommending to courts about to preside over capital § 2255 litigation appointment of qualified counsel for the defendants. As the Court is aware, the local Federal Public Defender represented Mr. Fields at trial and therefore has a conflict which precludes it from representing Mr. Fields in his § 2255 proceedings. Therefore, in this instance, Ms. Friedman contacted CHU counsel, Michael Wiseman, who is the Chief of the Capital Habeas Unit, to request that his office seek appointment. Mr. Wiseman indicated that his office is amenable to seeking appointment, and has received authorization from the AO to do so. Mr. Wiseman and Ms. Friedman recently communicated with Petitioner Fields who indicated that he wished to have the CHU appointed. Because the CHU has dedicated funding, their services will be provided at no cost to the Court (e.g. no expert fees, attorney fees or travel expenses).

4.    The CHU was formed in 1995 and is part of the Federal Community

3

Defender for the Eastern District of Pennsylvania (i.e. the Federal Public Defender). It receives a sustaining grant from the AO primarily to provide representation to capital habeas corpus petitioners in Pennsylvania. Since its formation, it has successfully represented dozens of prisoners in Pennsylvania's federal district courts, the Court of the Appeals for the Third Circuit, and has litigated three substantive cases in the United States Supreme Court.[2] Counsel from the CHU have been faculty in numerous regional and national AO-sponsored training programs, and have participated in court committees regarding capital post-conviction litigation.[3]

5.      More recently, the CHU has responded to requests from the AO to represent capital post-conviction petitioners in jurisdictions outside of Pennsylvania in § 2255 litigation where the death penalty has been imposed. The CHU has been appointed to seven such cases outside of the Eastern District of Pennsylvania.[4]

---

[2]Sattazahn v. Pennsylvania, 537 U.S. 101 (2003); Rompilla v. Beard, 545 U.S. 374 (2005); Pace v. DiGuglielmo, 544 U.S. 408 (2005).

[3]They have served as faculty in training programs sponsored by: The Court of Appeals for the Third Circuit; the Administrative Office of the United States Courts Habeas Corpus Training and Assistance Project; the Federal Judicial Center; and the National Institute for Trial Advocacy. CHU lawyers have also served as members of the Third Circuit's Task Force on Death Penalty Litigation.

[4]The CHU is appointed in the following capital section 2255 cases: United States v. Ortiz, 08-1749 (8th Cir.) (W.D. Mo.); United States v. Bourgeois, No. Cr-C-02-216 (S.D. Texas); United States v. Higgs, 98-cr-0520 (D. Md); United States v. Hammer, 96-cr-239 (M.D. Pa), appeal and cross appeal pending, 06-9000 & 06-9001

6.    To facilitate its representation of capital 2255 petitioners, the CHU has received supplemental funding from the Administrative Office (which was approved by the Defender Services Committee of the Judicial Conference).  Because of this supplemental grant, CHU counsel will not bill the Court for any time or expenses related to their work on this matter.  This motion is made pursuant to the CHU's supplemental grant in order to reduce the costs associated with such litigation, to relieve this Court of the administrative burden of managing budgets and funding this litigation and to provide Mr. Fields with qualified capital post-conviction counsel.

7.    Should the CHU be appointed, Mr. Wiseman will assign at least two experienced lawyers from the CHU who are qualified to work on this litigation. These lawyers will immediately seek admission *pro hac vice* to this Court.

WHEREFORE, Mr. Fields respectfully requests that the Court appoint the Capital Habeas Corpus Unit of the Federal Community Defender for the Eastern District of Pennsylvania at no cost to the Court as counsel in seeking all available post-conviction remedies.

---

(3d Cir.); United States v. Agofsky, 07-cv-511 (E.D. Texas); United States v. Allen, No. 4:07-CV-27ERW (E.D. Mo.); and United States v. Corley, No. 3:02-CR-116 (N.D. Indiana).

DATED this 10th day of April, 2009.

Respectfully Submitted,

/s/ James L. Hankins
James L. Hankins, OBA #15506
OGLE LAW OFFICE, P.L.L.C.
100 Park Avenue, Suite 500
Oklahoma City, Oklahoma 73102
Phone:        (405) 605-6644
Fax:          (405) 605-6633
E-mail:       jameshankins@ocdw.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading was filed via ECF this 10th day of April, 2009, and also via e-mail upon:

Sheldon J. Sperling
United States Attorney (EDOK)
12 W. Okmulgee
Muskogee, OK 74401
(918) 684-5100
sheldon.sperling@usdoj.gov