No. _____

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

_____

IN RE EDWARD LEON FIELDS, JR.,

Movant.

_____

CAPITAL CASE

**MOTION FOR LEAVE TO FILE
A SUCCESSIVE MOTION
UNDER 28 U.S.C. § 2255**

_____

HUNTER LABOVITZ
Pa. Bar. No. 204760
KATHERINE ENSLER
Pa. Bar No. 319029
Assistant Federal Defenders
Federal Community Defender Office
for the Eastern District of Pennsylvania
601 Walnut St., Ste. 545W
Philadelphia, PA 19106
Telephone: (215) 928-0520

May 25, 2020　　　　　　　　　　*Attorneys for Movant*

Edward Fields, through undersigned counsel, respectfully requests that this Court, pursuant to 28 U.S.C. § 2244(b)(3), authorize him to file a successive motion under 28 U.S.C. § 2255(h)(2).

## INTRODUCTION

Mr. Fields pled guilty to, inter alia, two violations of 18 U.S.C. § 924(c) in the United States District Court for the Eastern District of Oklahoma in 2005. Section 924(c) proscribes using a firearm in connection with a predicate "crime of violence." The underlying "crime of violence" for the § 924(c) charges was first-degree murder. After a contested penalty phase before a jury regarding the first-degree murder convictions, the jury returned a sentence of death. Mr. Fields received 405 months on each of his § 924(c) convictions.

Section 924(c) defines the term "crime of violence" in two subparts – the first known as the elements clause, and the second, the residual clause. Accordingly, a "crime of violence" is any felony offense that:

> (A)    has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B)    that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

§ 924(c)(3).

1

In 2015, the Supreme Court held in *Johnson v. United States*, 135 S. Ct. 2551 (2015), that the residual clause of the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii) – which is similar to the residual clause of § 924(c) – and the "ordinary case" (or categorical) analysis it required courts to undertake, were unconstitutionally void for vagueness. *Id.* at 2557. Specifically, the Court concluded that "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice and invites arbitrary enforcement by judges," and "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Id.*

Several years later, on June 24, 2019, the Court decided *United States v. Davis*, 139 S. Ct. 2319 (2019), holding that § 924(c)'s residual clause, which must also be interpreted categorically, is likewise unconstitutionally vague for the same reasons that the ACCA's residual clause was deemed unconstitutional in *Johnson*.[1] *Id.* at 2325-32. This Court has held that the Supreme Court's ruling in *Davis* "is a new constitutional rule that is retroactive on collateral review." *United States v. Bowen*, 936 F.3d 1091, 1097-98 (10th Cir. 2019).

_____

[1] In the interim, the Court also decided *Welch v. United States*, 136 S. Ct. 1257 (2016) (holding *Johnson* retroactive), and *Sessions v. Dimaya*, 138 S. Ct. 1204, 1217 (2018) (plurality op.) (striking down the residual clause in 18 U.S.C. § 16(b), also interpreted with the categorical approach, which many federal criminal provisions use to define a crime of violence).

2

Consequently, Mr. Fields's § 924(c) convictions remain valid only if they rest on predicate offenses that satisfy the elements clause of the statute. In other words, the predicate offense must have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." Mr. Fields's predicate offense does not. Federal first-degree murder, under 18 U.S.C. § 1111(a), fails to qualify as a "crime of violence" because § 1111(a) does not categorically require the *intentional* use of force or the use of *violent physical* force.

Because Mr. Fields is innocent of the § 924(c) offenses, his plea, which necessarily included those offenses, was not knowing, voluntary, and intelligent. *See Bousley v. United States*, 523 U.S. 614, 618-19 (1998). Mr. Fields has not previously had an opportunity to challenge his § 924(c) convictions based on the new rule announced in *Davis*. *See In re Mullins*, 942 F.3d 975, 979 (10th Cir. 2019). Pursuant to 28 U.S.C. § 2255(f) and (h), if authorized, Mr. Fields's motion would be timely filed within one year of the *Davis* decision.

This Court may authorize a second or successive motion under 28 U.S.C. § 2255 if the motion is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h)(2). To receive authorization to file a successive motion in

3

the district court, a movant must make a prima facie showing that the motion

satisfies the requirements of § 2255(h), "defined as 'a sufficient showing of

possible merit to warrant a fuller exploration by the district court.'" *United States*

*v. Murphy*, 887 F.3d 1064, 1068 (10th Cir. 2018) (quoting *Bennett v. United States*,

119 F.3d 468, 469 (7th Cir. 1997)).

Mr. Fields's proposed successive § 2255 motion (attached as Exh. A)

satisfies these requirements. *See* Order (Nov. 29, 2019), at *1-2, *In re Barrett*,

No. 16-7039 (10th Cir.) (granting movant authorization to file a second or

successive § 2255 motion in district court challenging his § 924(c) conviction

and sentence under *Davis*).

## PROCEDURAL HISTORY

On June 30, 2005, Mr. Fields pled guilty to two counts of using a firearm in

relation to a "crime of violence," in violation of 18 U.S.C. § 924(c)(1)(A)(j) and

(d) (Counts 2 and 4); two counts of first-degree murder (Counts 1 and 3); one

count of an assimilative crime, robbery in violation of 18 U.S.C. § 7.3 and 13

(Count 5); and one count of an assimilative crime, burglary of an automobile in

violation of 18 U.S.C. § 7.3 and 13 (Count 6). The underlying "crime of violence"

for the § 924(c) charges was first-degree murder. *See* Indictment at 2-3 (ECF No.

4

16[2]); Tr. at 20 (Plea Colloquy, June 30, 2005) (ECF No. 297).

After a penalty phase before a jury, the jury returned a verdict of death for Mr. Fields. Mr. Fields was sentenced to death for the first-degree murder convictions, 405 months for each of the § 924(c) convictions, 405 months for the assimilative crime of robbery, and 84 months for the assimilative crime of burglary of an automobile. Tr. at 3502 (Nov. 8, 2005) (ECF No. 257).

This Court affirmed Mr. Fields's convictions and sentences on direct appeal. *United States v. Fields*, 516 F.3d 923, 928 (10th Cir. 2008). The Supreme Court denied review. *Fields v. United States*, 129 S. Ct. 1905 (2009).

Mr. Fields filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 with this Court, *see* Exhs. B & C, which was denied. *Fields v. United States*, No. 10-CIV-115-RAW, 2016 WL 7264579, at *26 (E.D. Okla. Dec. 15, 2016) (Exhs. D & E). On appeal, the denial of Mr. Fields's § 2255 motion was affirmed in part, reversed in part, and remanded for an evidentiary hearing regarding trial counsel's ineffectiveness at sentencing. *United States v. Fields*, 949 F.3d 1240, 1243, 1273 (10th Cir. 2019) (Exh. F).[3] On February 21, 2020, the Tenth

---

[2] Citations to "ECF No.," refer to the docket entries from Mr. Fields's initial § 2255 proceedings in the United States District Court for the Eastern District of Oklahoma, Case No. 10-cv-00115-RAW.

[3] Mr. Fields plans to file a petition for a writ of certiorari in the Supreme Court,

Circuit issued its mandate to the district court.

### ARGUMENT

The gatekeeping provision of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") allows a federal prisoner to file a successive § 2255 motion if it "contain[s] . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). To receive authorization to file a successive motion in the district court, a movant must make a "prima facie showing to [this Court] that the motion satisfies the requirements of § 2255(h), defined as 'a sufficient showing of possible merit to warrant a fuller exploration by the district court.'" *Murphy*, *supra* (quoting *Bennett*, 119 F.3d at 469).

**I.    Mr. Fields can make a prima facie showing that the requirements for a successive petition under § 2255(h)(2) are met.**

To be clear, the "showing of possible merit" does not refer to the merits of the claims asserted in the petition. *See* Order, *In re Barrett*, *supra*, at *2 (citing *In re Barrett*, 840 F.3d 1223, 1227 (10th Cir. 2018); *Ochoa v. Sirmons*, 485 F.3d 538, 544 (10th Cir. 2007)). Mr. Fields needs only make a prima facie showing that the motion satisfies the requirements of § 2255(h). *See Ochoa*, 485 F.3d at 54 ("This statutory

---

which is due May 28, 2020.

mandate does not direct the appellate court to engage in a preliminary merits assessment Rather, it focuses our inquiry solely on the conditions specified in [§ 2255] that justify raising a new habeas claim . . . .").

Mr. Fields satisfies this standard. As this Court has explicitly held: "the Supreme Court's ruling in *Davis* that § 924(c)(3)'s residual clause is void for vagueness is a new constitutional rule that is retroactive on collateral review." *Bowen*, 936 F.3d at 1097-98. Accordingly, Mr. Fields has not previously had an opportunity to challenge his § 924(c) convictions based on the new rule announced in *Davis* that the residual clause in § 924(c)(3)(B) is void for vagueness. *See In re Mullins*, 942 F.3d at 979; *see also, e.g.*, *In re Matthews*, 934 F.3d 296, 301 (3d Cir. 2019) (authorizing defendants who had been convicted of bank robbery under § 2113 as well as § 924(c) to file successive § 2255 motions based on *Davis*, noting that "[w]hether the Petitioners' crimes fall under the elements clause or the challenged residual clause is itself a merits inquiry"); *United States v. Dixon,* 799 F. App'x 308, 309 (5th Cir. 2020) (per curiam) (granting authorization for petitioner to file a successor § 2255 petition based on his claim that his conviction under § 924(c) could not be sustained after *Davis*). If authorized, Mr. Fields's § 2255 motion would be timely, as it would be filed within the one-year limitations period from the date of the *Davis* decision. *See* 28 U.S.C. § 2255(f)(3).

Mr. Fields has stated a claim for relief based on *Davis*. *See* Exh. A. He was convicted of two § 924(c) convictions. The underlying crime that served as a predicate offense for those convictions only qualified as a crime of violence under § 924(c)'s residual clause, which the Supreme Court invalidated as unconstitutionally vague in *Davis*. 139 S. Ct. at 2336. Mr. Fields has made a sufficient showing of possible merit to warrant a fuller exploration by the district court.

**II.    In light of *United States v. Davis*, Mr. Fields's § 924(c) convictions are invalid.**

The Supreme Court in *Davis* held that the residual clause of § 924(c)(3) (subsection (B)) is unconstitutionally vague. Accordingly, after *Davis*, a crime only qualifies as a § 924(c) predicate if it satisfies the elements clause (subsection (A)). *See* § 924(c)(3). Any such question can only be answered using a categorical analysis, examining whether the offense has "as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.*; *see Davis*, 139 S. Ct. at 2339 (Kavanaugh, J., dissenting, joined by Thomas, J., Alito, J., and Roberts, C.J.) (recognizing a categorical approach is used to interpret "whether the underlying crime *categorically* fits within § 924(c) because of the elements of the crime" (emphasis in original)); *Stokeling v. United States*, 139 S. Ct. 544, 554-55 (2019) (applying categorical approach to ACCA's elements

8

clause). This categorical approach requires courts to "look only to the statutory definitions – *i.e.*, the elements – of a defendant's [offense], and *not* to the particular facts underlying [the offense]" in determining whether the offense qualifies as a crime of violence. *Descamps v. United States*, 570 U.S. 254, 260-61 (2013) (quoting *Taylor v. United States*, 495 U.S. 575, 600 (1990)) (internal quotations omitted). As the Tenth Circuit outlined in *Bowen*, "in conducting the categorical analysis, we must 'identify the *minimum* force' required for [the offense], and 'determine if *that* force' qualifies as violent force." 936 F.3d at 1103 (quoting *United States v. Harris*, 844 F.3d 1260, 1264 (10th Cir. 2017)).

Murder under 18 U.S.C. § 1111(a) is not categorically a "crime of violence" under the definition of the elements clause of § 924(c)(3)(A). Although such a result may seem counterintuitive, this result is in fact consistent with the broad conduct covered by the federal murder statute. Federal murder is not a crime of violence for at least two reasons: (1) the statute does not categorically require the *intentional* use of force, and (2) the statute does not require the use of *violent physical* force.

### A. Federal first-degree murder does not categorically require the level of intent necessary of a crime of violence.

Federal murder is defined as "the unlawful killing of a human being with malice aforethought." § 1111(a). The required mens rea is "malice aforethought."

9

However, for first-degree felony murder, which is encompassed by § 1111(a), "to prove the malice aforethought element[,] the prosecution only need show commission of the specified felony." *United States v. (Dominic) Pearson*, 159 F.3d 480, 485 (10th Cir. 1998); *see Montoya v. U.S. Parole Comm'n*, 908 F.2d 635, 638-39 (10th Cir. 1990) (acknowledging § 1111 "allow[s] conviction for a death that was unintended and unforeseen"). "Because malice aforethought is proved by commission of the felony, there is no actual intent requirement with respect to the homicide." *United States v. Chanthadara*, 230 F.3d 1237, 1258 (10th Cir. 2000). Felony murder under § 1111 is "in essence a strict liability crime, allowing conviction for a death that was unintended and unforeseen." *Montoya*, 908 F.2d at 638-39; *see Dean v. United States*, 556 U.S. 568, 575 (2009) ("[I]t is not unusual to punish individuals for the unintended consequences of their unlawful acts," and "[t]he felony-murder rule is a familiar example: If a defendant commits an unintended homicide while committing another felony, the defendant can be convicted of murder." (citing 18 U.S.C. § 1111)). Under the categorical approach, the absence of a mens rea requirement as to the homicide effectively means the requirements of § 924(c)(3)(A) can only be satisfied if the underlying enumerated offenses in § 1111 *all* have "as an element the use, attempted use, or threatened use of physical force against the person or property of another. *See Leocal v. Ashcroft*,

10

543 U.S. 1, 9-11 (2004) (requiring a "higher degree of intent than negligent or merely accidental conduct" to use, attempt to use, or threaten to use physical force). If even one underlying felony does not satisfy the elements clause, § 1111 cannot categorically satisfy the elements clause. *See Moncrieffe v. Holder*, 569 U.S. 184, 190-91 (2013) (noting that under the categorical approach, a court must "presume that the conviction rested upon [nothing] more than the least of th[e] acts criminalized" (alteration in original) (internal quotations and citations omitted)); *Harris*, 844 F.3d at 1264 (a court must "construe the minimum culpable conduct" under the categorical approach).

As discussed more fully in Exhibit A, several of the underlying enumerated felonies, by their plain terms, do not "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person or property of another," and thus cannot satisfy the mens rea requirement as it relates to the use of force element. Where there is no additional mens rea requirement (beyond the mens rea required for the underlying felony conviction) for §1111(a) felony murder and the underlying offenses do not necessarily contain the requisite mens rea as to "use of force," a conviction under § 1111(a) is not categorically a crime of violence under § 924(c)'s elements clause.

Moreover, even assuming the federal murder statute categorically requires at

11

least a recklessness mens rea for the use of physical force, that should not satisfy § 924(c)(3)(A). The Supreme Court's 2016 decision in *Voisine v. United States*, 136 S. Ct. 2272 (2016), disrupted the consensus among the circuit courts that "recklessness falls into the category of accidental conduct that the [Supreme Court in *Leocal*] described as failing to satisfy the use of physical force requirement" often present in similar statutory definitions of "crime of violence," *United States v. Zuniga-Soto*, 527 F.3d 1110, 1124 (10th Cir. 2008); *see, e.g.*, *Garcia v. Gonzales*, 455 F.3d 465, 469 (4th Cir. 2006). The Court expressly reserved judgment on whether recklessness is sufficient for "violent felonies" under the ACCA, § 16 (the provision in *Leocal* with an elements clause materially identical to the ACCA's), and a related class of statutes. 136 S. Ct. at 2280 n.4. The Court observed that courts have "sometimes given [the *Voisine* and *Leocal*] statutory definitions divergent readings in light of differences in their contexts and purposes," and it "d[id] not foreclose that possibility" as to the "required mental states" for the statutes' predicate offenses. *Id.*

The Tenth Circuit has held "*Voisine*'s reasoning extends to § 924(c)(3)(A) as well," determining "reckless conduct is no less 'the [volitional] use . . . of physical force against the person or property of another,' for purposes of 18 U.S.C. § 924(c)(3)(A)." *United States v. Mann*, 899 F.3d 898, 905 (10th Cir. 2018).

12

However, on March 2, 2020, the Supreme Court granted certiorari in *United States v. Borden*, 140 S. Ct. 1262, to resolve the circuit split[4] and consider the question: "Does the 'use of force' clause in the Armed Career Criminal Act (the 'ACCA'), 18 U.S.C. § 924(e)(2)(B)(i) encompass crimes with a *mens rea* of mere recklessness?" The outcome of this case in the Supreme Court can only provide further support for Mr. Fields's argument since § 1111 requires no *mens rea* and can turn on a finding that the defendant caused a person's death through negligence or accident.

## B. Federal first-degree murder does not categorically require the level of force necessary of a crime of violence.

First-degree murder under 18 U.S.C. § 1111 also fails to qualify as a crime of violence because it does not categorically require the use of violent physical force. The "physical force" required for a crime of violence is "*violent* force – that is, force capable of causing physical pain or injury to another person." *(Curtis) Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original) (interpreting similar § 924(e)(2)(B)(i)); *United States v. Melgar-Cabrera*, 892 F.3d

---

[4] *See, e.g.*, *United States v. Begay*, 934 F.3d 1033, 1038 (9th Cir. 2019), *reh'g held in abeyance*, No. 14-10080, 2019 WL 7900329 (9th Cir. Dec. 5, 2019) (holding that a federal second-degree murder offense does not require the use of physical force and thus is not categorically a crime of violence under § 924(c)'s elements clause "because it can be committed recklessly").

1053, 1064 (10th Cir. 2018) (applying *Johnson* and holding "force," as used in § 924(c)(3)(A), means "violent force").

Felony murder under 18 U.S.C. § 1111(a) is again instructive. The statute dictates that "[e]very murder . . . committed in the perpetration of, or attempt to perpetrate, any arson, escape, murder, kidnapping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, child abuse, burglary, or robbery" is first-degree murder. As detailed above, this covers even accidental killings during the course of these felonies. *See Dean*, 556 U.S at 575.

Several of these underlying predicate felonies, by their plain terms, do not "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person or property of another." § 924(c)(3)(A). *See* Exh. A (discussing arson, escape, kidnapping, treason, and sabotage). *Every* accidental death occurring during the perpetration of all of these felonies is first-degree murder. Thus, first-degree murder arising out of these felonies does not categorically require force at all, much less the "violent force – that is, force capable of causing physical pain or injury to another person," *(Curtis) Johnson*, 559 U.S. at 140, mandated by the Supreme Court.

Because neither (1) the intentional use of force nor (2) the actual use of any violent physical force is categorically required for first-degree murder pursuant to

14

§ 1111, federal murder is not a crime of violence under the force clause of

§ 924(c)(3)(A).

**II.　Mr. Fields's plea was not knowing, intelligent, and voluntary where he did not understand the nature of each charge and he was innocent of the § 924(c) charges.**

Mr. Fields cannot be said to have knowingly and voluntarily entered a plea,

based in part on two invalid § 924(c) counts, "where [he] and all other participants

in the process were operating under a misunderstanding of the applicable law."

*United States v. Muller*, No. CR-06-0155-HE (09), 2008 WL 11463661, at *4

(W.D. Okla. Aug. 25, 2008) (citing, inter alia, *Bousley*, 523 U.S. at 618-19; *United*

*States v. Hall*, No. CR-06-0155-HE (01), 2008 WL 11463660, at *4 (W.D. Okla.

Aug. 22, 2008) (same). He is entitled to have his entire plea vacated because it was

"unintelligent and constitutionally invalid." *See United States v. Moore*, No. 17-

1224, 2020 WL 564713, at *3 (10th Cir. Feb. 5, 2020) (Hartz, J., concurring)

(citing *Bousley*, *supra*); *see, e.g.*, *United States v. Lockhart*, 947 F.3d 187, 196-97

(4th Cir. 2020) (en banc) (vacating defendant's guilty plea and conviction, in part,

because a Supreme Court's intervening decision – *Rehaif v. United States*, 139 S.

Ct. 2191 (2019) – evidenced the "wholesale misunderstanding of the law at the

time of his plea"); *cf. United States v. Moyer*, 282 F.3d 1311, 1319 (10th Cir. 2002)

("Because Moyer was never made fully aware of the genuine consequences of his

15

guilty plea, he must be given the opportunity to withdraw the plea on remand."

(citing *United States v. McCann,* 940 F.2d 1352, 1358 (10th Cir. 1991)).

## OPPONENT'S POSITION

Counsel for Mr. Fields has conferred with counsel for the opposing party, who state that they oppose the relief requested.

## CONCLUSION

WHEREFORE, because Mr. Fields has presented a prima facie showing that the requirements of 28 U.S.C. § 2255(h)(2) are satisfied, he respectfully requests that his motion be granted and that he be authorized to file a successive § 2255 motion in the District Court for the Eastern District of Oklahoma.

Respectfully Submitted,

/s/ Katherine Ensler
HUNTER LABOVITZ
Pa. Bar. No. 204760
KATHERINE ENSLER
Pa. Bar No. 319029
Assistant Federal Defenders
Federal Community Defender Office
for the Eastern District of
Pennsylvania
601 Walnut St., Ste. 545W
Philadelphia, PA 19106
Telephone: (215) 928-0520

Date: May 25, 2020

16

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A), because, excluding the parts of the document exempted by Fed. R. App. P. 32(f): this document contains 3,631 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

/s/ Katherine Ensler
KATHERINE ENSLER

Date: May 25, 2020

**CERTIFICATE OF SERVICE**

I, Katherine Ensler, hereby certify that on this 25th day of May, 2020, I

submitted the foregoing Motion via e-mail to:

Jeffrey B. Kahan
Deputy Chief, Capital Case Section
U.S. Department of Justice
Jeffrey.Kahan@usdoj.gov

Christopher J. Wilson
Assistant United States Attorney
Eastern District of Oklahoma
Chris.Wilson@usdoj.gov

/s/ Katherine Ensler
KATHERINE ENSLER