UNITED STATES OF AMERICA,

*Plaintiff*,

v.

**Case No.** 6 :03-cr-00073-RAW

EDWARD LEON FIELDS, JR.,

*Defendant*.

## RESPONSE IN OPPOSITION TO SUCCESSIVE § 2255 MOTION

The United States of America, by and through undersigned counsel, hereby submits this response in opposition to movant Edward Leon Fields, Jr.'s second and successive motion for relief under 28 U.S.C. § 2255, authorized by Tenth Circuit Court of Appeals on May 28, 2019.

### PRELIMINARY STATEMENT

A. Statement of Facts

The Tenth Circuit summarized the facts of Fields' crimes as follows:

> Edward Leon Fields killed Charles and Shirley Chick at the Winding Stair Campground in the Ouachita National Forest on July 10, 2003. He had seen the couple there days earlier and drove there the evening of July 10 with a homemade ghillie suit (a covering for head and body made to resemble underbrush that Fields referred to as his sniper suit) and a camouflaged and powerfully scoped rifle in his truck. He found the Chicks on a vista some distance from their campsite. He retrieved the rifle, put on the ghillie suit, and hid near their campsite as it grew dark. In time, the Chicks came back to the campsite and sat at a table. Fields waited and watched them for about twenty minutes. When Charles told Shirley he was going to the tent, Fields shot him in the face. As Charles slumped to the table, Shirley got up and began running toward the couple's van. Fields shot at her and a bullet tore through her foot. She reached the passenger door of the van, but was shot again, on the side of her head. Fields caught up and shot her once more, in the back of the head, in the doorway of the van. Shirley died as a result of both head wounds. Fields returned to the table and shot Charles a second time in the head. Charles also died as a result of both of his wounds.

1

Physical evidence indicated that Fields then left the campsite and only returned hours later, when he broke the driver's window of the van and stole some items. He rummaged through only the driver's area of the van; the rest of the van and the Chicks' tent were untouched. A tip eventually led police to Fields' truck, where they found the rifle, the ghillie suit, and some of the items stolen from the Chicks' van. In the meantime, Fields had been taken in for questioning. He initially denied any connection to the crime, but confessed when confronted with the evidence taken from his truck.

*Fields*, 516 F.3d at 927.

B.  Procedural History and Rulings Presented for Review

A federal grand jury for the Eastern District of Oklahoma returned an indictment charging Fields with two capital counts of first degree murder in the special territorial jurisdiction of the United States (18 U.S.C. § 1111), two counts of firearm murder during the course of a crime of violence (18 U.S.C. § 924(j)) and two additional crimes, all stemming from the homicides of Charles and Shirley Chick. Dkt. 16. The government filed a notice of intent to seek the death penalty as to both § 1111 murder charges (Dkt. 38), and Fields pleaded guilty to all counts (Dkt. 297). Following a penalty trial, the jury recommended a sentence of death (Dkt. 228).

On direct review, the Tenth Circuit Court of Appeals affirmed the judgment in a published opinion that the Supreme Court declined to review. *United States v. Fields*, 516 F.3d 923 (10th Cir. 2008), *cert. denied*, 556 U.S. 1167 (2009). Fields moved unsuccessfully for collateral relief under 28 U.S.C. § 2255, but the Tenth Court affirmed in part and reversed in part, remanding for an evidentiary hearing concerning trial counsel's alleged failure to investigate and present evidence that the defendant suffered from brain damage. *United States v. Fields*, 949 F.3d 1240, 1243 (10th Cir. 2019).

On May 26, 2020—before this Court acted on the remand order—Fields sought permission in the Tenth Circuit for leave to file a second and successive § 2255 motion. *See*

2

*generally* 28 U.S.C. § 2244.  On May 28, 2020, Fields filed a petition for writ of certiorari, challenging the Tenth Circuit's rejection of one of his claims.  The same day, the circuit court granted Fields' request to file a successive § 2255 motion, and the next day this Court ordered the government to file the instant response.

## ARGUMENT

### I.  FIELDS DEFAULTED HIS CLAIM, WHICH FAILS ON ITS MERITS BECAUSE HE COMMITTED PREDICATE ACTS THAT SATSIFY A VALID ELEMENT OF THE OFFENSES HE CHALLENGES

Relying on the Supreme Court's decision in *United States v. Davis,* 139 S. Ct. 2319 (2019), Fields contends this Court should vacate his convictions under § 924, alleging that the government has not satisfied the statute's requirement of a predicate crime of violence.  Fields recognizes that an offense can qualify as a predicate if it has an element of force.  But he argues that first degree murder, the offense alleged as the bases of his § 924 convictions, does not satisfy that test.  To reach that counter-intuitive position, Fields argues he could have theoretically sustained his convictions based on a felony murder involving reckless or accidental conduct.  He contends a reckless or accidental killing does not qualify as a crime of violence and insists this Court must presume his convictions rested upon the least of the acts criminalized by the federal murder statute.[1]  Mot. at 5-14.  Fields' claim fails because he defaulted it, and the record patently demonstrates that he committed, admitted, and suffered conviction for premeditated first degree murders, a specific intent crime that satisfies a valid definition of a crime of violence under § 924.

---

[1] The Tenth Circuit has held that reckless conduct can amount to a crime of violence.  *United States v. Mann*, 899 F.3d 898, 905-06 (10th Cir. 2018).   Other courts have disagreed, and the Supreme Court has indicated it will resolve the split in *Borden v. United States*, no. 19-5410. The issue does not arise here, because Fields admitted to an allegation of intentional conduct.

A. Fields Procedurally Defaulted his Claim

A collateral attack is more limited than an appeal, and the doctrine of procedural default generally bars consideration of any claim that the petitioner omitted to appropriately raise on appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *United States v. McGaughy*, 670 F.3d 1149, 1159 (10th Cir. 2012). Courts may consider defaulted claims when a movant shows "that the constitutional error 'has probably resulted in the conviction of one who is actually innocent.'" *United States v. Wiseman*, 297 F.3d 975, 979 (10th Cir. 2002) (quoting *Bousley v. United States*, 523 U.S. 614, 623-24 (1998)). They may also consider defaulted claims if the movant establishes cause and prejudice. *United States v. Snyder*, 871 F.3d 1122, 1126 (10th Cir. 2017) (citing *Massaro v. United States*, 538 U.S. 500, 504 (2003)). "Cause" exists when a factor external to the defense prevented counsel from raising a claim at the appropriate juncture. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). And "prejudice" reflects an error that "worked to [the movant's] actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." *Snyder*, 871 F.3d at 1127-28 (citing *Frady*, 456 U.S. at 170).

As Fields asserts (Mot. 17-18), his primary authority, *Davis*, announced a new rule of constitutional law that applies retroactively in § 2255 proceedings. *United States v. Bowen*, 936 F.3d 1091, 1097-98 (10th Cir. 2019); *see In re Hammoud,* 931 F.3d 1032, 1039 (11th Cir. 2019) (per curiam). The rule has retroactive effect because it "alters the range of conduct . . . that the law punishes." *Welch v. United States*, 136 S.Ct. 1257, 1264-65 (2016).

Nonetheless, Fields made no effort to preserve this issue by challenging the vague provision of § 924 on direct appeal, though the legal premises for such a contention have existed for nearly a century, and all the facts necessary for such an argument existed in the record. *See, e.g. Connally v. Gen. Constr. Co.*, 269 U.S. 385, 391 (1926) (holding vague laws violate due

4

process).  He can only excuse his omission by demonstrating cause and prejudice for the oversight.  Fields can apparently demonstrate cause as a legal matter: the Tenth Circuit has recognized that *Davis's* precursor—which invalidated another, similar, provision of § 924—was "'so novel that its legal basis [wa]s not reasonably available to counsel' at the time of the direct appeal."  *See United States v. Snyder*, 871 F.3 1122, 1127 (10th Cir. 2017) (holding the defendant had cause to assert a challenge to the Armed Career Criminal Act under *Johnson v. United States*, 135 S. Ct. 2551 (2015)).

But cause aside, Fields cannot establish prejudice to excuse his default.  As a legal matter, he cannot show that the holding in *Davis* had any impact on the soundness of his § 924 convictions because the opinion invalidated only one of the statute's two definitions of a crime of violence.  Fields' predicate offenses, premeditated first degree murder satisfy the surviving statutory definition, as fully explored below.  *See, infra*, Arg. I, B.  Thus, he cannot show that the claimed error "worked to his actual and substantial disadvantage."  Fields would fare no better if he attempted to assert factual, rather than legal innocence of his § 924 crimes.  Not only did he plead guilty to the shooting murders of the Chicks, he fully confessed to investigators in a signed statement.  *See* Dkt. 251 at 33-47 (concerning Gov't Trial Ex. 131).

Accordingly, Fields cannot excuse the default of his meritless claim that a vague provision of § 924 requires a vacatur of his two convictions under that statute.

B.  Fields' Predicate Offenses Constitute Cognizable Crimes of Violence

Assuming, arguendo, that Fields had not defaulted his claim, he could not obtain relief, because his predicate crimes—premeditated first degree murders—plainly satisfy § 924's valid definition of a crime of violence.

Section 924 contains two provisions, set forth in the disjunctive, that define a "crime of violence" as a felony that

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, <u>or</u>
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

§ 924(c)(3). The *Davis* court invalidated subdivision (B), not the definition of a "crime of violence" found in subdivisions (A)'s "elements clause." 139 S. Ct. at 2336. Thus, after *Davis*, a crime that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," remains a properly defined crime of violence. *See* § 924(c)(3)(A).

Section 1111, under which Fields suffered the two convictions that served as predicates for his § 924 offenses, defines first degree murder as follows:

> Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; or committed in the perpetration of, or attempt to perpetrate, any arson, escape, murder, kidnapping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, child abuse, burglary, or robbery; or perpetrated as part of a pattern or practice of assault or torture against a child or children; or perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed, is murder in the first degree.

The statutory language of § 1111(a) creates "four varieties" of first degree murder—premeditated, felony, child torture, and transferred premeditation. *See United States v. Barrett*, 797 F.3d 1207, 1221 (10th Cir. 2015); *United States v. Chanthadara*, 230 F.3d 1237, 1258 (10th Cir. 2000).

When considering the viability of predicate offenses like first degree murder, defined by "divisible" statutes with alternative elements, courts utilize a modified categorical approach. *See*

*Descamps v. United States*, ___ U.S. ___, 133 S.Ct. 2276, 2285 (2013); *United States v. Pam*, 867 F3d 1191, 1203-04 (10th Cir. 2017); *see also United States v. Thompson*, 720 Fed. App'x 492, 494 n.2 (10th Cir. 2018) (observing that New Mexico's state first degree murder statute is divisible). This approach permits courts to "consult record documents . . . for the limited purpose of identifying which of the statute's alternative elements formed the basis of the prior conviction. *Pam*, at 1204 (citing *United States v. Titties*, 852 F.3d 1257, 1266 (10th Cir 2017); *see Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013) (noting courts can examine the charging document and jury instructions or, in the case of a guilty plea, the plea colloquy to decide which theory of a divisible crime the defendant committed).

In this case, the indictment's § 924 charges, counts two and four, respectively alleged as predicate crimes of violence, the first degree murders charged in counts one and three. Ex. 1 (Dkt. 16). The two counts of first degree murder both alleged, exclusively, a theory of premeditation: "the defendant herein, with *premeditation* and malice aforethought did unlawfully, willfully, deliberately and maliciously kill." *Id*. at Counts 1 & 3 (emphasis added). The indictment included a notice of special findings that further alleged Fields had intentionally killed both victims (18 U.S.C. § 3591(a)(2)(A)) and done so after substantial planning and premeditation to cause the death of a person (18 U.S.C. § 3592(c)(9)). Nowhere, does the indictment make mention of a felony murder theory.

During Fields' change of plea hearing, this Court recited the elements of the offenses, noting in pertinent part with regard to the murder charges, "[Y]ou caused the death of the victims . . . .[,] you killed the victims with malice aforethought . . . .[, and] the killings were

premeditated.  Ex. 2 at 20.[2]  Fields specifically admitted, "I caused the death of Charles and Shirley Chick.  I deliberately killed them with a firearm I was carrying by shooting them both." *Id*. at 24.  The Court held that Fields' admission to a deliberate killing satisfied the factual basis for a finding of premeditation.  *See id*. at 27, 29-30.  In the subsequent penalty phase proceedings, the jury found that Fields intentionally killed the victims and did so after substantial planning and premeditation to take the life of a person.  Ex. 1, 3.  The findings (the functional equivalents of elements) demonstrate beyond peradventure that Fields committed categorical crimes of violence under § 924's elements clause.  *See Lockett v. Trammel*, 711 F.3d 1218, 1253 (10th Cir. 2013) (equating eligibility factors with offense elements); *United States v. Higgs*, 353 F.3d 281, 297 (4th Cir. 2003) (same).

In view of the pertinent allegations, admissions, and findings, Fields cannot sustain his theoretical argument that his convictions for first degree murder could have contemplated reckless conduct.  He committed two intentional, premediated first degree murders, admitted as much in open court, and sustained further jury findings that confirmed the violent nature of his crimes.  Given the nature of the offenses, Fields has failed to show that the flawed language in § 924 affected his convictions or that this Court should grant relief, to the extent it even reaches the merits of this defaulted contention.

## II.     FIELDS' GUILTY PLEA REMAINS VALID

Fields claims he did not understand the nature of each charge against him because he did not recognize the unconstitutionally vague provision of § 924 that the *Davis* court later identified.  Arguing that he had a right to a full understanding of the charges when he

---

[2] The government refers to the page numbers assigned in Dkt. entry 297, which appear at the top of the pages in Exhibit 2.

surrendered his right to trial, Fields urges this Court to vacate his entire guilty plea as unintelligent.  Br. 14-16.  Fields does not have permission from the Court of Appeals to pursue such a claim, which he defaulted in any event.  Moreover, he cannot show any prejudice stemming from the flaw in § 924's definition of predicate crimes of violence: the statute contains a valid definition under which Fields presumptively admitted his guilt.  Fields also fails to show that he labored under any misperception about the elements of the § 924 offenses that prejudiced his ability to enter intelligent pleas as to any other crime.  His pleas to other counts did not hinge on any agreement that might have caused him to rely on the validity of § 924.

Congress severely limits successive § 2255 motions.  *United States v. Kelly*, 235 F.3d 1238, 1241 (10th Cir. 2000).  An appellate court may authorize the filing of a successive motion if a defendant makes a prima facie showing that his conviction or sentence is unlawful under "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2); *see also United States v. Murphy*, 887 F.3d 1064, 1067 (10th Cir. 2018).  But the district court "shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section."  § 2244(b)(4); *see United States v. Pullen*, 913 F.3d 1270, 1276 (10th Cir 2019) (requiring the district court to independently determine whether a successive § 2255 motion satisfies the statutory criteria for filing).

In this case, the Court of Appeals authorized Fields to file a second or successive § 2255 motion "challenging his § 924 convictions and sentence under *Davis*."  As such, his attack on his "entire" guilty plea—which encompassed convictions for robbery, burglary, and first degree murder—facially exceeds the scope of the issues the Tenth Circuit permitted this Court to reach.

*See United States v. Pearson*, 940 F.3d 1210, 1216 (11th Cir. 2019) (holding the district court improperly considered issues in a successive § 2255 motion that fell outside the scope of permission granted by the court of appeals); *see also Ochoa v. Sirmons*, 485 F.3d 538, 541 (10th Cir. 2007) (requiring § 2244(b) permission for every substantively new claim). Because the claim rests solely upon the record, Fields could have raised it on appeal, and defaulted it by failing to do so. *See Frady*, 456 U.S. at 165. Assuming the novelty of the claim's premise—the *Davis* decision—supplies cause for the oversight, the contention's evident lack of merit, discussed below, prevents Fields from establishing prejudice that would excuse the default. *Snyder*, 871 F.3d at 1127-28.

Procedural flaws aside, Fields' allegation that he pled guilty without understanding § 924 has no bearing on this Court's authority to vacate his convictions for the offenses. If Fields could demonstrate that his predicate crimes did not satisfy the elements clause of § 924, the law would presume him "actually innocent" of the charges and require a vacatur of the convictions. *See Bowen*, 936 F.3d at 1095. The authority to vacate § 924 convictions obviates any concern about Fields' understanding of the charges when he pleaded guilty to them.

Even so, Fields cannot show that he lacked a meaningful understanding of § 924, given that the alleged predicates satisfied the statute's elements clause. *See, supra*, Arg. I. During his plea colloquy, Fields did not specifically acknowledge that the first degree murders satisfied the elements clause of § 924. *See* Ex. 2. But his plea constituted "an admission of all the essential elements of the charge," presumably including the fact the murders met the still valid test for a crime of violence under § 924. *See United States v Marshall*, 432 F.3d 1157, 1160 (10th Cir. 2005) (citing *McCarthy v. United States*, 394 U.S 459, 466 (1969)); *see also United States v. Brown*, 164 F.3d 518, 521-22 (10th Cir. 1998) (holding an unconditional plea of guilty

constitutes an admission of all material facts alleged in the charge).  Given the breadth of his admissions, Fields cannot show that a misunderstanding of § 924 tainted his pleas to that offense.

Moreover, Fields provides no basis in fact, law, or reason for this Court to conclude that any imagined misapprehension of the § 924 charges infected his pleas to the remaining counts. His convictions and sentences on the remaining counts did not hinge on any sentencing contingencies.  Indeed, Fields pleaded guilty in the absence of any agreement with the prosecution (*see* Ex. 2 at 3), and he received his death sentence as the result of a subsequent jury trial on the issue of penalty for his § 1111 offenses.  For want of interdependence amongst counts, a vacatur of Fields' § 924 convictions would not upset any expectation Fields had when he entered his plea to that offense or any other.  *Cf. United States v. Lewis*, 138 F.3d 840, 842 (10th Cir. 1998) (explaining the district court had authority under § 2255 "together with the interdependence of the various counts . . . to vacate an entire plea agreement when a conviction that is part of the plea package is vacated.").

Accordingly, this Court should hold that Fields' defaulted the challenges to his plea, that they exceed the scope of his permission to pursue successive collateral remedies, and that they would lack any merit if he could raise them.

## CONCLUSION

Except as specifically admitted herein, the government denies Fields' factual and legal allegations. Based on the foregoing reasoning and authority, the United States respectfully urges this Court to deny Fields' motion.

Dated: June 17, 2020.

Respectfully submitted,

**BRIAN J. KUESTER**
United States Attorney,
Eastern District of Oklahoma

*S/Christopher J. Wilson*
**CHRISTOPHER J. WILSON**
First Assistant U.S. Attorney

*S/Linda Epperley*
**LINDA EPPERLEY**
Assistant U.S. Attorney
520 Denison Ave
Muskogee OK 74401
(918) 684-5175
(918) 684-5130 fax
chris.wilson@usdoj.gov

*S/Jeffrey B. Kahan*
**JEFFREY B. KAHAN**
Deputy Chief, Capital Case Section
U.S. Dept. of Justice
1331 F. Street, NW; 6th Fl.
Washington, D.C. 20530
(202) 305-8910
(202) 353-9779 fax
jeffrey.kahan@usdoj.gov

**CERTIFICATE OF ECF FILING AND DELIVERY**

I hereby certify that on June 17, 2020, I electronically transmitted the attached documents to the Clerk of Court using the ECF System for filing. A Notice of Electronic Filing will be sent via the Court's CM-ECF system to the following counsel of record:

- James L. Hankins jameshankins@ocdw.com, jhankins5@cox.net
- Barry L. Derryberry barry_derryberry@fd.org, okn_ecf@fd.org
- Julia L. O'Connell julia_o'connell@fd.org, okn_ecf@fd.org
- Cristi Charpentier cristi_charpentier@fd.org, Magda_Watson@fd.org, Susan_Hart@fd.org
- Katherine Ensler Katherine_ensler@fd.org
- Hunter Labovitz Hunter_labovitz@fd.org

Additionally, I placed an exact copy of this document in U.S. Mail to Vicki Mandell-King; Federal Public Defender - Denver; 633 17th Street, Ste. 1000; Denver, Colorado 80202

*S/ Jeffrey B. Kahan*
JEFFREY B. KAHAN