**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| *Plaintiff,* | |
| **v.** | **Case No.** 6 :03-cr-00073-RAW |
| **EDWARD LEON FIELDS, JR.,** | |
| *Defendant.* | |

<u>**RESPONSE IN OPPOSITION TO SUCCESSIVE § 2255 MOTION – EXHIBIT 2**</u>

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA


UNITED STATES OF AMERICA,      )
         Plaintiff,    )
                     )
   vs.                )   NO. CR-03-73-WH
                     )   JUNE 30, 2005
EDWARD LEON FIELDS, JR.,    )
         Defendant.   )
_____)

**FILED**

JUL 13 2005

WILLIAM B. GUTHRIE
Clerk, U.S. District Court

By: _____
Deputy Clerk

### CHANGE OF PLEA HEARING

before the HONORABLE RONALD A. WHITE, United States
District Judge, in Muskogee, Oklahoma.


### APPEARANCES


FOR THE GOVERNMENT:    MR. SHELDON J. SPERLING
                        United States Attorney
                        MR. DENNIS A. FRIES
                        MS. LINDA A. EPPERLEY
                        Assistant United States Attorneys
                        1200 West Okmulgee Street
                        Muskogee, Oklahoma   74401


FOR THE DEFENDANT:    MS. JULIA L. O'CONNELL
                        Assistant Federal Public Defenders
                        One West 3rd Street, Suite 1225
                        Tulsa, Oklahoma   74103-3532


COURT REPORTER:    GALA J. WATKINS, CSR #1224
                        P.O. Box 1188
                        Wagoner, OK   74477-1188

PROCEEDINGS

JUNE 30, 2005

THE COURT:  We are on the record in CR-03-73, United States of America versus Edward Leon Fields, Jr.  The Government is present through Sheldon Sperling, Linda Epperley and Dennis Fries.  The Defendant is present in the courtroom.  Good morning, Mr. Fields.  And he's with his counsel, Julia O'Connell.

The matter comes on for pretrial conference, but I understand that we have one matter to take up first.

Ms. O'Connell?

MS. O'CONNELL:  Your Honor.

THE COURT:  Are we here for change of plea?

MS. O'CONNELL:  Yes, Your Honor.

THE COURT:  Would you approach with your client?

Okay.  Ms. O'Connell, would you like to tell me exactly what your client wishes to do?

MS. O'CONNELL:  Your Honor, at this time, Mr. Fields wishes to change his previously entered pleas of not guilty.  He requests permission to plead guilty to all counts charged in the Indictment.

THE COURT:  Does he also wish to -- your understanding, wishes to waive his right to jury trial?

MS. O'CONNELL:  He wishes to waive his right to both jury trial and non-jury trial as to the guilt or innocence in

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA

this matter.

THE COURT:  Oh, so it's a Stage One only?

MS. O'CONNELL:  Yes, Your Honor.

THE COURT:  Okay.  Is there any plea agreement?

MS. O'CONNELL:  No, sir.

THE COURT:  Is that correct, Mr. Sperling?

MR. SPERLING:  That's correct, Your Honor.

THE COURT:  Thank you.

Will the clerk please place the Defendant under oath?

EDWARD LEON FIELDS, JR.

Defendant, having been first previously sworn, testified on his oath as follows, to wit:

THE COURT:  Mr. Fields, you understand that you're now under oath?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Do you understand that if you answer any of my questions falsely, your answers may later be used against you in another prosecution for perjury or for making a false statement?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Are you Edward Leon Fields, Jr.?

THE DEFENDANT:  Yes, I am.

THE COURT:  Is that your true and correct name?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Have you ever been known by any other name?

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA

6:03-cr-00073-RAW   Document 315-2   Filed in ED/OK on 06/17/20   Page 5 of 38
Case 6:03-cr-00073-RAW   Document 297   Filed 07/13/05   Page 4 of 37
Appellate Case: 17-7031   Document: 01019826550   Date Filed: 06/16/2017   Page: 1182   Sealed

THE DEFENDANT:  No, Your Honor.

THE COURT:  What is your age?

THE DEFENDANT:  Thirty-eight.

THE COURT:  And what is your residence?

THE DEFENDANT:  Uh, Muskogee County Jail.

THE COURT:  Okay.  And before that?

THE DEFENDANT:  Five Eleven Ward Street, Poteau, Oklahoma.

THE COURT:  What is your educational background, sir?

THE DEFENDANT:  I have a G.E.D.

THE COURT:  Okay.  When did you get that?

THE DEFENDANT:  I think around '90, 1990.

THE COURT:  Mr. Fields, do you have the ability to read, write, and understand the English language?

THE DEFENDANT:  Yes, I do.

THE COURT:  Okay.  And I notice that and take judicial notice that you do from your previous responses.

The purpose of asking that question is to make sure you understand the questions I'm asking you, because you may be waiving valuable rights here.  Do you understand that?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Have you ever been treated for addictions, narcotic drugs of any kind?

THE DEFENDANT:  No, Your Honor.

THE COURT:  Okay.  Have you ever been treated for any

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA

mental illness?

THE DEFENDANT: Not before this.

THE COURT: Okay. Let me -- let me expand on that a little bit.

THE DEFENDANT: Your Honor?

THE COURT: Yes.

THE DEFENDANT: One moment, please.

(Whereby Defendant and Defendant's counsel conferred off the record.)

THE DEFENDANT: Oh, yes. When I was sixteen, I saw a psychiatrist, and I have been treated for depression.

THE COURT: Okay. Tell me about your treatment when you were sixteen.

THE DEFENDANT: My mother arranged treat -- arranged to have me treated for depression. And I went for a few times, and then I didn't go anymore. So, it -- it wasn't a long deal.

THE COURT: Okay. And then more recently, before your arrest, you were being treated for depression, also?

THE DEFENDANT: Yes, Your Honor, by Dr. Kemp in Poteau.

THE COURT: Okay. And what was included in that treatment?

THE DEFENDANT: He was treating me for depression and for obsessive compulsive behavior.

THE COURT: Okay. And what was included in the treatment itself?

6:03-cr-00073-RAW    Document 315-2    Filed in ED/OK on 06/17/20    Page 7 of 38
Case 6:03-cr-00073-RAW    Document 297    Filed 07/13/05    Page 6 of 37
Appellate Case: 17-7031    Document: 01019826550    Date Filed: 06/16/2017    Page: 1184    Sealed

THE DEFENDANT:  Just the medication.

THE COURT:  Okay.  And what were those medications?

THE DEFENDANT:  Started out with Lexapro.  Took that for three weeks.  Then, he changed me to Effexor, which I took for about four weeks.  And then I was arrested, so the treatment didn't go any further.

THE COURT:  Are you presently being treated for any sort of mental illness or depression or anything like that?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Tell me about that treatment.

THE DEFENDANT:  I'm being treated for depression.  Uh --

One second.

(Whereby Defendant and Defendant's counsel conferred off the record.)

THE DEFENDANT:  The medications I'm taking, I'm taking Lithium, Prozac, Loxitane and Artane.

THE COURT:  Okay.  The reason I'm asking all these questions, Mr. Fields, is I've got to determine that you're currently competent to make this change of plea.  And the fact that you've been previously treated for depression and are currently being treated for depression, are currently on medication is something that I would rightfully be concerned about.  Do you understand that?

THE DEFENDANT:  Yes, Your Honor.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA

Case 6:03-cr-00073-RAW    Document 297    Filed 07/13/05    Page 7 of 37

Appellate Case: 17-7031    Document: 01019826550    Date Filed: 06/16/2017    Page: 1185    Sealed

THE COURT: Okay. So, how are you going to convince me -- and I'm going to let your counsel convince me in a minute. But how are you going to convince me right now that you are competent to make this change of plea?

THE DEFENDANT: Well, the medicine I'm taking has helped with the depression. I -- I've already been -- I've alr -- I've already been deemed as being competent.

THE COURT: In a prior proceeding?

THE DEFENDANT: Yes.

THE COURT: Okay. And if I remember correctly, and I wasn't involved in that proceeding, but I believe the Government wanted you to be examined to test you're competence. And you and your attorney objected both vehemently and vociferously to any suggestion that you're incompetent. And I believe your attorney had you examined, and that physician found you or that psychologist found you competent to stand trial, correct?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Okay. And do you feel that's still the case?

THE DEFENDANT: Yes. I still -- still feel that it's the case. I understand the charges against me. I -- I understand the sentences to be handed down. So --

THE COURT: Do you feel like you're able to assist your counsel in your further defense?

THE DEFENDANT: Yes, Your Honor.

Case 6:03-cr-00073-RAW   Document 297   Filed 07/13/05   Page 8 of 37

Appellate Case: 17-7031   Document: 01019826550   Date Filed: 06/16/2017   Page: 1186   Sealed

THE COURT: Okay. Ms. O'Connell, could you elaborate, please?

MS. O'CONNELL: Your Honor, first, on the issue of prior treatment, Mr. Fields did not give you the full range of treatment. Throughout his adulthood, he has several times been treated by various physicians. I do not think that those prior treatments in any way or those prior incidents of mental illness and treatment therefor at all affect his competency today to do what it is that he wants to do.

He has consulted with me numerous, numerous times. Our relationship has involved hours of consultation with one another. And I am convinced that Mr. Fields understands the nature and the consequences of this proceeding, that he understands the consequences especially of sacrificing his right to have a jury trial to determine whether he is guilty or not guilty of the offenses charged. He understands completely that what we are doing by doing that is litigating only the issue of what punishment is to be imposed.

I believe that the medication that he is taking in jail has done a tremendous amount to help him overcome what was initially a problem for him. As you said, you were not involved in those initial proceedings. The doctor there opined that Mr. Fields, although he was mentally ill, that he was nonetheless competent. Because there was a difference in the question of being the legal question of whether he could understand and assist. And I think

Appellate Case: 17-7031     Document: 01019826550     Date Filed: 06/16/2017     Page: 1187     Sealed

the case is still the same today, that he does understand and can assist me today.  I just don't have any doubt about that.

THE COURT:  Okay.  Mr. Fields, do you disagree with anything Ms. O'Connell has just said?

THE DEFENDANT:  No, Your Honor, I don't.

THE COURT:  Okay.  Are you currently under the influence of any drug or medication or alcoholic beverage of any kind right now?

THE DEFENDANT:  Prescription drug.  No other.

THE COURT:  Okay.  And as far as those prescription drugs, are they what you previously indicated?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Okay.  That'd be Lithium and --

THE DEFENDANT:  Loxitane, Prozac and Artane.

THE COURT:  Tell me what affect that you can tell those medications have on you.

THE DEFENDANT:  Well, they have cleared up my thoughts.  They have helped with the depression.  And --

THE COURT:  Well, let me ask you this.  Have you, in the past, thought you heard voices?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Are you currently hearing voices?

THE DEFENDANT:  No, Your Honor.

THE COURT:  Okay.  Do the -- do any of the medications affect your ability to think and understand?

THE DEFENDANT: No, Your Honor.

THE COURT: Do -- well, let me rephrase it.

Do any of the medications decrease your ability to think and understand?

THE DEFENDANT: No, Your Honor. They -- they clear it up, make it easier to think.

THE COURT: Okay. Thank you.

Ms. O'Connell, do you agree that the medication regiment that your client is currently on has increased his mental faculties and his abilities to think and understand?

MS. O'CONNELL: Yes, Your Honor.

THE COURT: Have you noticed any decrease in his ability to think and understand since his prior competency hearing?

MS. O'CONNELL: Well, I did sometime ago. And the medication that he was on at that time was changed by his treating physician and the jail. And once the Lithium and Loxitane regiment was begun, which has been well over a year ago, almost two years ago, Your Honor, that has not recurred.

THE COURT: Okay. Ms. O'Connell, do you have any reason to believe the Defendant is not mentally competent or unable to knowingly and voluntarily enter a plea of guilty?

MS. O'CONNELL: No.

THE COURT: Mr. Sperling, anything on this particular subject matter that I have not covered adequately to the

6:03-cr-00073-RAW   Document 315-2   Filed in ED/OK on 06/17/20   Page 12 of 38
Case 6:03-cr-00073-RAW   Document 297   Filed 07/13/05   Page 11 of 37
Appellate Case: 17-7031   Document: 01019826550   Date Filed: 06/16/2017   Page: 1189   Sealed

satisfaction of the Government?

MR. SPERLING: We're satisfied with your inquiry for purposes of this hearing, Your Honor.

THE COURT: Thank you.

The Court would observe just from Mr. Fields' demeanor, not only today but in past hearings, that his demeanor has been perfectly appropriate. There's never been any outbursts. There has been no untoward conduct in any way. The Defendant has been a model of courtroom decorum, as far as I can tell. And, therefore, I believe that what Ms. O'Connell and the Defendant have stated is absolutely correct, that he is mentally competent and able to knowingly and voluntarily change his plea today.

Mr. Fields, you are charged here by Indictment. Have you received a copy of the Indictment, the written charges against you in this case?

THE DEFENDANT: Yes, Your Honor, I have.

THE COURT: And you've received that before today?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Okay. Have you fully discussed the charges and the case in general with your counsel?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Are you satisfied with the services of Ms. O'Connell?

THE DEFENDANT: Completely, yes.

THE COURT: Have you had adequate time to fully confer

with Ms. O'Connell about these proceedings and all matters relating to the charges?

THE DEFENDANT: Yes.

THE COURT: Has anyone attempted in any way to force you to plead guilty in this case?

THE DEFENDANT: No, Your Honor.

THE COURT: Are you pleading guilty of your own free will, because you are guilty?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Mr. Sperling, will you read or state the substance of the charges and the punishment as provided by law?

MR. SPERLING: Your Honor, Counts 1 and 3 allege Murder In The First Degree in violation of Title 18, United States Code, Sections 1111(a) and (b) and Section 7(3) and 13.

Under the law, Your Honor, these offenses are punishable by the death penalty or life imprisonment.

Counts 2 and 4 allege Use of a Firearm in a Federal Crime of Violence Causing the Death of a Person in violation of Title 18, United States Code, Section 924(c)(1)(A), Subsections (j) and (d).

This offense, Your Honor, is punishable in an identical fashion as Counts 1 and 4. The maximum is death or life imprisonment.

Count 5 is Robbery. And this is in violation of Title 18, United States Code, Section 7.3 and 13. It's an assimulative

Case 6:03-cr-00073-RAW   Document 297   Filed 07/13/05   Page 13 of 37

Appellate Case: 17-7031   Document: 01019826550   Date Filed: 06/16/2017   Page: 1191   Sealed

crime that assimulates 21 Oklahoma Statute, Sections 791 through 798.

This offense, Your Honor, is punishable by a term of imprisonment under state law, which is assimulated for purposes of federal sentencing of not less than ten years imprisonment.

And Count 6, Your Honor, is Burglary of an Automobile in violation of Title 18, United States Code, Section 7.3 and 13. This is also an assimulative crime that assimulates Title 21, Oklahoma Statutes, Section 1431.

The punishment for this offense, Your Honor, is imprisonment for a term of not less than two, no more than seven years imprisonment.

In addition, Your Honor, each of these offenses are fineable in the amount of $250,000.  A special assessment may be imposed in the amount of $100.  And a supervised release term of at least three years may be imposed on each such count.

THE COURT:  Thank you, Mr. Sperling.

Mr. Fields, you are not required to make any statement in response to the charges as laid out by Mr. Sperling.  If you do, it can be used against you.

Now, I want to talk about your Waiver of Jury, all right?  Do you understand what the word waiver means?  It means to give up.

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Okay.  Do you understand if you waive your

6:03-cr-00073-RAW   Document 315-2   Filed in ED/OK on 06/17/20   Page 15 of 38
Case 6:03-cr-00073-RAW   Document 297   Filed 07/13/05   Page 14 of 37

Appellate Case: 17-7031     Document: 01019826550     Date Filed: 06/16/2017     Page: 1192     Sealed

14

trial by jury, then it would be the Court, me, that will determine your guilt or innocence?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you understand that if you plead guilty, there will not be a trial regarding your guilt or innocence, there will not be a trial of any kind from what we say the First Stage of proceedings either to the jury or to the Court, there will be only a sentencing hearing before a jury?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you understand that you have the right to plead not guilty to every charge filed against you?

THE DEFENDANT: Yes.

THE COURT: Do you understand that if you plead not guilty, you have the following constitutional rights? You have the right to a speedy and public trial by jury. Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: You have the right to counsel at all stages of the proceedings, and that if you cannot afford to pay a lawyer, one will be appointed to represent you. Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: You have the right to see and hear all witnesses called to testify against you, and the right to cross examine them. Do you understand that?

6:03-cr-00073-RAW Document 315-2 Filed in ED/OK on 06/17/20 Page 16 of 38
Case 6:03-cr-00073-RAW Document 297 Filed 07/13/05 Page 15 of 37
Appellate Case: 17-7031 Document: 01019826550 Date Filed: 06/16/2017 Page: 1193 Sealed

15

THE DEFENDANT: Yes, Your Honor.

THE COURT: And that you're -- you would be giving that up?

THE DEFENDANT: Yes.

THE COURT: You'd have the right to use the subpoena power of the Court to compel the attendance of witnesses at trial and the production of other forms of evidence. Do you understand you have that right, and you'd be giving it up by your waiver of jury trial?

THE DEFENDANT: Yes, Your Honor.

THE COURT: You have the right not to be compelled to incriminate yourself by taking the witness stand. And that if you do not take the witness stand, no inference of guilt may be drawn from your failure to do so. You understand that's one of your important trial rights that you'd be giving up by waiving your jury trial on the guilt or innocence?

THE DEFENDANT: Yes, Your Honor.

THE COURT: You have the right to be presumed innocent until the United States of America has proved you guilty beyond a reasonable doubt by the unanimous agreement of all twelve of the jury members. Do you understand that's one of your trial rights you'll be giving up if you waive your jury trial?

THE DEFENDANT: Yes, Your Honor.

THE COURT: I'm going to ask that you be given a Waiver of Jury form. I want you to consult with your attorney about

your right of trial by jury and read the waiver form. If you desire to voluntarily and freely waive or give up your trial by jury as to Stage One only, the guilt or innocence stage, please sign the waiver form. However, if you do not wish to do so, if you do not wish to give up trial by jury as to Stage One, do not sign the waiver form.

And I should state for the record that the waiver form is not the standard form. It's been altered slightly specifically for this case. It's been provided to both the United States and to Defendant's counsel, who were given the opportunity to make input.

Did you have any objections or suggestions for changes to the form, Ms. O'Connell?

MS. O'CONNELL: No, Your Honor.

THE COURT: Okay. Mr. Sperling?

MR. SPERLING: No, Your Honor.

THE COURT: Okay. Mr. Fields, do you have any questions either about the waiver form or what I've explained to you about the rights you're giving up?

THE DEFENDANT: No, Your Honor, I don't.

THE COURT: Okay. Now, I want you to take your time. And don't just -- this isn't something we have to get through, okay? Because that's -- you're giving up one of the most sacred rights in our Constitution, and it's there for protection of you. Well, it's there for protection of all of us. But -- so, I want

you to think about it before I sign the waiver of -- do you have anything else you want to say or ask me about?

THE DEFENDANT:  No, Your Honor.

THE COURT:  There being no questions or further objections by the Defendant or counsel, I am signing the Waiver, and thereby approving it, and it will be filed and entered of record.

Mr. Fields, do you realize if you plead guilty, the Court may, depending on the jury's findings at the sentencing hearing, impose the same punishment as if you had pled not guilty or been convicted by a jury?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Have you and your attorney talked about how the sentencing commission guidelines, which are now advisory in nature, might apply to your case?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Do you understand that under some circumstances you or the Government may have the right to appeal any sentence that is ultimately imposed?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  The Government has informed me, and I now tell you that the maximum penalty that may be imposed on each of Counts 1, 2, 3 and 4 is death, a fine of up to $250,000, or by both such fine and execution.  Should a term of imprisonment be imposed in any of Counts 1, 2, 3 or 4, a discretionary term of

supervised release of not more than five years may also be imposed. Further, a special assessment of $100 is mandatory on each of Counts 1, 2, 3, and 4.

We may have a discrepancy, Mr. Sperling. I think you said Count 5 is punishable by a term of imprisonment of not less then ten years nor more than life. Is that correct, or is it five years?

MR. SPERLING: The reason I did so, Your Honor, is that this is Robbery with Firearms, which I understand is punishable by a minimum of ten years.

THE COURT: Ms. O'Connell, any -- is it -- Count 5, is the term of imprisonment not less than five years or not less than ten?

And I'm asking -- that's not a quiz. I'm asking for your input.

MS. O'CONNELL: Your Honor, my understanding always was that it was five years to life.

THE COURT: Well, the Court believes that Count 5 is punishable by a term of imprisonment of not less than five years, nor more than life, a $250,000 fine, a discretionary term of supervised release of not more than five years, and a mandatory $100 special assessment.

Count 6 is punishable by a term of imprisonment of not less than two years, nor more than seven years, a $250,000 fine, a discretionary term of supervised release of not more than three

Appellate Case: 17-7031   Document: 01019826550   Date Filed: 06/16/2017   Page: 1197   Sealed

years, and a mandatory $100 special assessment.

Mr. Fields, you should also understand that you should -- that should you be sentenced to a term of imprisonment followed by a term of supervised release, a violation of conditions of supervised release may result in the revocation of all or part of the term imposed without credit for time previously served.

The maximum term of imprisonment that may be imposed upon revocation of supervised release in each of Counts 1, 2, 3, 4 and 5 is five years.  The maximum term of imprisonment that may be imposed upon revocation of supervised release on Count 6 is two years.  In the case of an identifiable victim, the Court may enter a restitution order for the full amount of the victim's loss if such order is authorized by statute.  The Court may also order forfeiture of property or funds which are proceeds from or obtained with proceeds from your criminal activity if such forfeiture is authorized by statute.  Therefore, the maximum penalty you may be facing less any financial sanctions is death.

Ms. O'Connell, as you may have noticed, the Government and I have a small disagreement as to the term of imprisonment on Count 5.  Is that going to effect, in any way, your advise to your client regarding whether or not to change his plea?

MS. O'CONNELL:  No, Your Honor.  He and I have consulted on this, and he informs me that it does not matter to him.  If the minimum punishment is five or if the minimum punishment is ten years on the Robbery count, it is still his

Case 6:03-cr-00073-RAW    Document 297    Filed 07/13/05    Page 20 of 37

desire to enter a plea of guilty to that count and all others for that matter.

THE COURT:  Is that correct, Mr. Fields?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Thank you.

The essential elements, that is what the Government is required to prove in order to obtain a conviction on each of the counts are as follows:  Counts 1 and 3, which are First Degree Murder, first, that you caused the death of the victims named in the Indictment.  Shirley Elliott Chick is the victim named in Count 1 of the Indictment, and Charles Glenn Chick is the victim named in Count 3 of the Indictment.  Second, you killed the victims with malice aforethought.  Third, the killings were premeditated.  And, fourth, the killings took place within the territorial or maritime jurisdiction of the United States.

To kill with malice aforethought means either to kill another person deliberately and intentionally or to act with callous and wanton disregard for human life.

A killing is premeditated when it is the result of planning or deliberation.

Counts 2 and 4, Use of a Firearm During Commission of a Federal Crime of Violence, the elements are, first, you committed the crime of First Degree Murder, as charged in Counts 1 and 3 of the Indictment, which is a crime of violence.  Two, during and in relation to the commission of that crime, you knowingly used or

carried a firearm. And, three, the firearm played an integral part in the crime charged in Count 1 and Count 3; that is, the firearm increased its likelihood of success.

A defendant knowingly uses a firearm when it is, one, readily accessible, and, two, actively employed during and in relations to criminal undertaking.

A defendant knowingly carries a firearm when he, one, possesses the firearm through the exercise of ownership or control, and, two, transports or moves the firearm from one place to another.

The essential elements of Count 5, Robbery with a Firearm, are, first, you wrongfully took and carried away personal property. Second, the personal property belonged to Charles Glenn Chick and Shirley Elliott Chick. Third, the taking away was accomplished by the use of force and/or fear. Fourth, the taking away was accomplished through the use of a firearm. Fifth, the taking away took place within the territorial or special maritime jurisdiction of the United States.

The essential elements of Count 6, Burglary of an Automobile, are, first, you committed the acts of breaking and entering into an automobile. And breaking means any act of physical force, however slight, by which obstructions to entering are removed.

Second, the automobile belonged to Charles Glenn Chick and Shirley Elliott Chick. Third, personal property was kept in the

Case 6:03-cr-00073-RAW    Document 297    Filed 07/13/05    Page 22 of 37

Appellate Case: 17-7031    Document: 01019826550    Date Filed: 06/16/2017    Page: 1200    Sealed

22

automobile.  Fourth, you acted with the intent to steal or commit any other felony.  And, fifth, the breaking and entering took place within the territorial or special maritime jurisdiction of the United States.

Mr. Fields, do you understand the essential elements of each offense as I have related them to you?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Have you previously discussed them at length with Ms. O'Connell?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Do you feel like you understand exactly what you've been charged with?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  I'm now obliged to ask you questions about facts relating to those offenses.

You are still under oath, sir.  Your statements will be on the record.  You will be in the presence of your attorney with whom you may always consult for assistance.  Please -- you need to give me now the factual basis for your plea, so you need to tell me exactly what you did.

MS. O'CONNELL:  Your Honor, if I might.

THE COURT:  Yes.

MS. O'CONNELL:  I believe I heard the Court say that there were five elements for Robbery.

THE COURT:  That's -- that's certainly what I said,

6:03-cr-00073-RAW   Document 315-2   Filed in ED/OK on 06/17/20   Page 24 of 38
Case 6:03-cr-00073-RAW   Document 297   Filed 07/13/05   Page 23 of 37
Appellate Case: 17-7031    Document: 01019826550    Date Filed: 06/16/2017    Page: 1201    Sealed

yes.

MS. O'CONNELL:  May I hand something up to you?

THE COURT:  You certainly may.  Did I skip one, or did I give one too many?

Okay.  Let me go back.  I think I combined the first, second and third elements into the first element.

MS. O'CONNELL:  And you may have, Your Honor.

THE COURT:  And I don't want this to confuse you, Mr. Fields, okay?

The first element I stated was as to Count 5, Robbery with a Firearm.  I stated that you wrongfully took and carried away personal property, okay?  That could be considered a combination of three elements, that you wrongfully took and carry away, okay?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Whether it's one element or three, the Government would still have to prove that beyond a reasonable doubt to unanimous consent of twelve jurors, okay?  Do you understand that?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Does the way I phrased it either time make any difference to you about whether you wish to change your plea?

THE DEFENDANT:  No.

THE COURT:  Thank you.

Thank you, Ms. O'Connell.  I appreciate that.

All right.  Is the Defendant now ready to give the factual

basis for his plea?

THE DEFENDANT: Yes.

All of the things that I'm about to tell you about occurred at the Winding Stair campground, which is in the Eastern District of Oklahoma.

On July 10th, 2003, I caused the death of Charles and Shirley Chick. I deliberately killed them with a firearm I was carrying by shooting them both. I did this during the course of a robbery. In order to rob them, I used the gun to forcibly take and keep their property from their immediate presence.

I also committed a burglary by breaking into their van. I broke a window out with a rock, entered their van with the intent to steal items inside that belonged to them.

I know that I have caused tremendous harm and pain to many people by my actions, and I wish to plead guilty to what I have done. I am sorry for what I have done.

THE COURT: Mr. Sperling, any -- is the Government satisfied the Defendant has covered the essential elements that must be admitted?

MR. SPERLING: First, Your Honor, with regard to jurisdiction, we believe that the evidence is that the murders of Charles Chick and Shirley Chick occurred at the Winding Stairs campground located in LeFlore County, Oklahoma, Eastern District of Oklahoma, within the boundaries of the Quachita National Forest, and that this land was acquired and is owned by the

Case 6:03-cr-00073-RAW   Document 297   Filed 07/13/05   Page 25 of 37

Appellate Case: 17-7031    Document: 01019826550    Date Filed: 06/16/2017    Page: 1203    Sealed

United States for use of the United States of America, and is within the special maritime and territorial jurisdiction of the United States of America.

THE COURT:  Mr. O'Connell?

MS. O'CONNELL:  To which we would agree, Your Honor. Mr. Fields has no personal knowledge of that, but he accepts that contention.

THE COURT:  Is that correct, Mr. Fields?

THE DEFENDANT:  Yes, Your Honor.

MR. SPERLING:  We would ask the Court first to make inquiry with regard to the element of premeditation on Counts 1 and 3.

As to Count 5, I didn't hear the Defendant indicate what personal property was taken.  My understanding, based on 21, Oklahoma Statute, Section 795, is that property may be of trifling value, but we believe that it should be identified, at least in some form, during this plea hearing.

And, we would also ask the Court to clarify with regard to Count 6, Burglary, the intent to steal property therein.

THE COURT:  I thought I heard that clearly.

MR. SPERLING:  You may have.  I'm sorry.  I was trying to follow as quickly as --

THE COURT:  No.  I understand.  That's why I asked you, okay?

Ms. O'Connell, let's talk about the personal property first.

6:03-cr-00073-RAW Document 315-2 Filed in ED/OK on 06/17/20 Page 27 of 38
Case 6:03-cr-00073-RAW Document 297 Filed 07/13/05 Page 26 of 37
Appellate Case: 17-7031 Document: 01019826550 Date Filed: 06/16/2017 Page: 1204 Sealed

Can your client explain or describe the personal property that was taken?

MS. O'CONNELL: Could I have just one moment, Your Honor.

THE COURT: Certainly.

(Whereby Defendant and Defendant's counsel conferred off the record.)

MS. O'CONNELL: Your Honor, first, I would say that my position is, if this somehow will prevent the plea, we will attempt to do that, but that the elements of the offense require only that Mr. Fields tell the Court that he carried away personal property and not that that personal property be identified.

THE COURT: Okay.

MS. O'CONNELL: And --

THE COURT: What I will ask then -- I don't disagree with you.

What I will ask then is, just to clarify, Mr. Fields, did you take away personal property from the Chicks' vehicle?

THE DEFENDANT: Yes, Your Honor, I did.

THE COURT: Okay. Did that personal property have value?

THE DEFENDANT: Yes, it did.

(Whereby Defendant and Defendant's counsel conferred off the record.)

THE DEFENDANT I also took from the person.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA

THE COURT: Personal property?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And it had value?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Okay. Ms. O'Connell, do you believe that's sufficient?

MS. O'CONNELL: Yes, Your Honor, I do.

THE COURT: Okay. Let's address the elements of Counts 1 and 3 regarding premeditation. How do you want to address the concern of the Government, if at all?

MS. O'CONNELL: Your Honor, the Tenth Circuit pattern of instructions tell us that a killing is premeditated when it is the result of planning or deliberation. And Mr. Fields told you in his colloquy that he deliberately committed this act. And I believe he has fully admitted what is necessary to successfully enter a plea.

MR. SPERLING: Well, to say it's committed deliberately means to say it's committed purposely. That doesn't mean it's premeditated in my view, Your Honor. I think, if he acknowledges that he's committed these offenses after planning and after deliberation, I think that would be sufficient.

THE COURT: I don't think that is -- I don't think that's an unreasonable request, Ms. O'Connell. But I will -- I want to hear what you think. I think -- I think I would be justified in asking Mr. Fields if he committed the offenses after

planning to do them.

Would that be an appropriate in -- you may think it's superfluous, but is that inappropriate?

MS. O'CONNELL:  I don't believe that it's appropriate, Your Honor.

THE COURT:  And tell me why.

MS. O'CONNELL:  I don't believe that it's appropriate, because it's a substantive matter that is at issue in the second stage of the trial.  And I do believe that Mr. Fields can make additional statements to satisfy the Court of his -- of the required statutory premeditation.

THE COURT:  And you would -- do you need to consult with him to do that?

MS. O'CONNELL:  Yes, I do, Your Honor.

THE COURT:  Please proceed.

(Whereby Defendant's counsel and Defendant conferred off the record.)

THE COURT:  Are you prepared to proceed to make an additional statement?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Go ahead.

THE DEFENDANT:  My lawyer informs me that premeditation can be formed in an instant.  And when I pulled the trigger, I knew it would likely kill them.

THE COURT:  Well, Ms. O'Connell, here's my problem.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA

Appellate Case: 17-7031   Document: 01019826550   Date Filed: 06/16/2017   Page: 1207   Sealed

Element Number 3 of Counts 1 and 3 states that the killing was premeditated. And that is defined, as I've already defined it, as a killing is premeditated when it is the result of planning or deliberation. And, basically, I understand your qualms about the second stage, but I don't believe what your client has said is sufficient to give a factual basis for element three of Counts 1 and 3. And I think he's going to have to say it was the result of planning or deliberation.

(Whereby Defendant and Defendant's counsel conferred off the record.)

THE COURT: And the record should reflect that I'm giving the Defendant and counsel substantial time to discuss this matter before making additional statements.

MS. O'CONNELL: Yes, you are, Your Honor, and we appreciate that.

THE DEFENDANT: Your Honor.

THE COURT: Yes.

THE DEFENDANT: This was a result of deliberation.

THE COURT: Is that sufficient, Mr. Sperling?

Let me -- let me try to see if I can allay fears on both sides. And, believe me, there's no problem with taking as much time as we need to hash this out.

In the second stage of trial, the Government must prove an aggravating factor that involves substantial planning and deliberation, okay. That's different than the Element Number 3

Case 6:03-cr-00073-RAW   Document 297   Filed 07/13/05   Page 30 of 37

Appellate Case: 17-7031   Document: 01019826550   Date Filed: 06/16/2017   Page: 1208   Sealed

of Counts 1 and 3.  It simply says, "Planning or deliberation," okay?  In other words, it doesn't say -- let me check that.  Does it say, "Planning and deliberation"?

Planning or deliberation.

I believe the Defendant has given a factual basis by saying that the killings were the result of a deliberation.  That fulfills Element 3 of Counts 1 and 3.

Mr. Sperling, I'll let you differ with me if you wish.

MR. SPERLING:  You point out the correct distinction between the elements here and the second stage.  The Defendant, in our view, must give a factual basis for the word premeditation.  And to say that he did something deliberately isn't enough.

THE COURT:  He said he did it with deliberation.

Now, I --

MR. SPERLING:  Depends on what that means.

THE COURT:  There's a -- there's a -- one is an adverb, and one is an adjective.  But the fact he said he did it with deliberation, I think that lays a factual basis satisfactory to the Court, and I'm going to accept that.

All right.  Mr. Fields, understanding the nature of the charges, your right to jury trial, and that you voluntarily waive such right to jury trial, and knowing the effect and consequences of a plea of guilty, how do you plead to Count 1 of the Indictment?

THE DEFENDANT: Guilty.

THE COURT: How do you plead to Count 2 of the Indictment?

THE DEFENDANT: I plead guilty, Your Honor.

THE COURT: How do you plead to Count 3 of the Indictment?

THE DEFENDANT: I plead guilty, Your Honor.

THE COURT: How do you plead to Count 4 of the Indictment?

THE DEFENDANT: I plead guilty.

THE COURT: How do you plead to Count 5 of the Indictment?

THE DEFENDANT: I plead guilty, Your Honor.

THE COURT: How do you plead to Count 6 of the Indictment?

THE DEFENDANT: I plead guilty.

THE COURT: Mr. Fields, are your pleas of guilty and the waivers of your rights made voluntarily and completely of your own free choice, free of any force or threats or pressures from anyone?

THE DEFENDANT: No. They haven't.

THE COURT: Okay. You say, no, they're not -- they're not of your own free choice?

THE DEFENDANT: Oh, they are of my own free choice.

THE COURT: Let me repeat the question, okay. And I

Case 6:03-cr-00073-RAW   Document 297   Filed 07/13/05   Page 32 of 37

Appellate Case: 17-7031   Document: 01019826550   Date Filed: 06/16/2017   Page: 1210   Sealed

want you to take your time before answering it, and listen to it carefully, and I'll go slower, okay?

Are your pleas of guilty and the waivers of your rights, as I've explained them to you throughout this hearing, are those made voluntarily and completely of your own free choice, free of any force or threats or pressures from anyone?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Okay.  They're of your own free choice?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Free of any force or threats?

THE DEFENDANT:  No, Your Honor.

THE COURT:  Okay.

(Whereby Defendant and Defendant's counsel conferred off the record.)

THE COURT:  Has anyone forced --

THE DEFENDANT:  Oh, nobody has.

THE COURT:  Has anyone forced or threatened you to plead guilty?

THE DEFENDANT:  No.

THE COURT:  Has anyone pressured you to plead guilty?

THE DEFENDANT:  No.

THE COURT:  Okay.  So, they are free of -- your plea is free of any force or threats?

THE DEFENDANT:  Yes, sir.

THE COURT:  Okay.  Now, and you're sure of that?

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA

Appellate Case: 17-7031   Document: 01019826550   Date Filed: 06/16/2017   Page: 1211   Sealed

THE DEFENDANT: Yes, Your Honor.

THE COURT: And you've consulted with your attorney before making that statement?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Okay. Anything further from the Government before I pronounce the verdict on guilt or innocence?

MR. SPERLING: Not for purposes, Your Honor, of this proceeding. But we believe it appropriate in ex parte contemporaneous form for the Court to make inquiry as to the rationale for the waiver specifically as to its knowing and voluntary nature. I'm not entitled, I don't believe -- we are not entitled, Your Honor, as to the reason why counsel has elected to do this. But in the event of future litigation, and also to protect the record, we believe that an ex parte inquiry would be appropriate.

THE COURT: Ms. O'Connell?

MS. O'CONNELL: I don't believe one is appropriate, and I would object.

THE COURT: Well, would your objection be based upon invasion of attorney-client privilege?

MS. O'CONNELL: Yes, Your Honor, it would.

THE COURT: Anything else?

I have to admit. I mean I have thought about this -- not like there needs to be anything else. But I have thought about this particular issue. And I understand -- I believe I

understand the strategic value of the course the Defendant is wishing to take. I understand there may be countervailing reasons to do otherwise, but I've been struggling with whether I need to have that on the record.

Can you elaborate -- not elaborate on the reasons, but elaborate on your objection? I'd like that objection clearly on the record.

MS. O'CONNELL: Your Honor, the decision on whether or not to plead guilty is not my decision. And for the Government to frame it in terms of strategy or anything else is, in my mind --

THE COURT: Well, now, they didn't frame it as that. I did that. And that may be incorrect, okay?

MS. O'CONNELL: I believe the reason for making a record would be to reveal some strategic reason for doing this. Mr. Fields owns the right to decide how to plead in his case. That is his decision and his decision alone. The only thing that I can do to affect that decision is counsel him fully and completely on all of his choices, all of his options, and the consequences that will result from the exercise of any of those choices and/or options. The choice is his. And so what the Government has effectively asked you to do is to have an ex parte hearing with my client about why he made his decision, and I object to that. That's an interference in the attorney/client relationship.

6:03-cr-00073-RAW   Document 315-2   Filed in ED/OK on 06/17/20   Page 36 of 38
Case 6:03-cr-00073-RAW   Document 297   Filed 07/13/05   Page 35 of 37
Appellate Case: 17-7031   Document: 01019826550   Date Filed: 06/16/2017   Page: 1213   Sealed

35

THE COURT:  Do you agree, Mr. Fields, with what your counsel just said?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  I agree with her, too, and I appreciate her elaboration of the objection for the record.

Mr. Fields, based upon your clear and unambiguous answers to the questions of the Court, and I emphasize that from your appearance here today, your ability to articulate, your interaction with your counsel, that your answers have all been clear and unambiguous, and that you are perfectly competent to make them.

Based upon that, I find in the case of the United States of America versus Edward Leon Fields, Jr., 03-CR-73-WH, that you are competent to enter this plea, and that you have made the plea of guilty freely and voluntarily, that you have a full understanding of its consequences.  I further find that you have admitted the elements of the crimes charged, and that there is a factual basis for the plea of guilty.  I accept your plea and find you guilty as charged.

Anything further on the change of plea proceedings, Mr. Sperling?

MR. SPERLING:  No, Your Honor.

THE COURT:  Ms. O'Connell?

MS. O'CONNELL:  No, Your Honor.

THE COURT:  Mr. Fields, anything further from you on

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA

the change of plea proceedings?

THE DEFENDANT:  No, Your Honor.

THE COURT:  You may return to counsel table.

Mr. Sperling?

MR. SPERLING:  We were trying to listen, Your Honor, but did I understand correctly that the Court found the Defendant guilty of each of those counts?

THE COURT:  I did find the Defendant guilty on each of the counts, 1 through 6.

MR. SPERLING:  Thank you, Your Honor.

(Proceedings concluded)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA

Appellate Case: 17-7031    Document: 01019826550    Date Filed: 06/16/2017    Page: 1215    Sealed

C E R T I F I C A T E

STATE OF OKLAHOMA     )
                     )     SS.
COUNTY OF MUSKOGEE   )

I, GALA J. WATKINS, Certified Shorthand Reporter within and for the State of Oklahoma, DO HEREBY CERTIFY that the foregoing proceedings were taken by me in Stenograph and later transcribed under my direction by means of computer aided transcription, and that the same is a full, true, correct and complete transcript of said proceedings so given.

I FURTHER CERTIFY that I am not an attorney for, nor relative of any of the parties involved in this action or otherwise interested in the event of same.

WITNESS MY HAND AND SEAL this 12th day of July, 2005.

Gala J. Watkins
Oklahoma Certified Shorthand Reporter
Certificate No. 1224
Exp. Date: December 31, 2006

_____
GALA J. WATKINS, CSR
CERTIFICATE NO. 01224

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA

1215