**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

**UNITED STATES OF AMERICA,**

        *Plaintiff,*

**v.**

        **Case No.** 6 :03-cr-00073-RAW

**EDWARD LEON FIELDS, JR.,**

        *Defendant.*

**RESPONSE IN OPPOSITION TO SUCCESSIVE § 2255 MOTION – EXHIBIT 3**

ORIGINAL

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

**FILED**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | JUL 2 2 2005 |
| Plaintiff, | WILLIAM B. GUTHRIE<br>Clerk, U.S. District Court<br>By: _____ Deputy Clerk |
| v. | Case No. 03-CR-073-WH |
| EDWARD LEON FIELDS, JR. | |
| Defendant. | |

## SPECIAL FINDINGS FORM

I.  <u>Findings Regarding Defendant's Eligibility for a Death Sentence</u>

A.  <u>Defendant's Age at Time of Offense</u>

Do you unanimously find that the government proved beyond a reasonable doubt that the defendant was eighteen (18) years of age at the time he committed the offense[s] for which sentence is to be imposed?

YES  **X**

NO  _____

If you answered yes, proceed to the next section (I-B) of this Form. If you answered no, then stop your deliberations, sign the section of this Form indicating a verdict of life imprisonment (III-B), certify your decision as described in section IV, and notify the court that you have reached a decision.

Appellate Case: 17-7031   Document: 01019826550   Date Filed: 06/16/2017   Page: 955   Sealed

B.    Defendant's Intent in Commission of Offense

For each type of intent specified below, answer "yes" or "no" according to whether you unanimously find that the government proved beyond a reasonable doubt that the defendant acted with the specified intent:

     1.    The defendant intentionally killed Charles Glenn Chick, Jr.;

     YES   <u> X </u>

     NO   <u>    </u>

     2.    The defendant intentionally killed Shirley Elliott Chick;

     YES   <u> X </u>

     NO   <u>    </u>

If you answered yes to one or more of these alternatives, proceed to the next section (I-C) of this Form. If you answered no to all of them, then stop your deliberations, sign the section of this Form indicating a verdict of life imprisonment (III-B), certify your decision as described in section IV, and notify the court that you have reached a decision.

C.    Statutory Aggravating Factors

The government has alleged that the following statutory aggravating factors are present in this case. For each factor, answer "yes" or "no" according to whether you unanimously find that the government proved the existence of the factor beyond a reasonable doubt:

955

1.     The defendant committed the murder of Charles Glenn Chick, Jr., after substantial planning and premeditation.

YES   _X_

NO   _____

2.     The defendant committed the murder of Shirley Elliott Chick, after substantial planning and premeditation.

YES   _X_

NO   _____

3.     The defendant intentionally killed and attempted to kill more than one person, by killing Charles Glenn Chick, Jr. and Shirley Elliott Chick in a single criminal episode.

YES   _X_

NO   _____

If you answered "yes" to one or more of these statutory aggravating factors, you have found the defendant eligible for a death sentence and you should proceed to the next section (II) of this Form to consider whether such a sentence is justified under the circumstances of the case. If you answered "no" to all of these factors, then you have found the defendant ineligible for a death sentence and you should stop your deliberations, sign the section of this Form indicating a verdict of life imprisonment (III-B), certify your decision as described in section IV, and notify the court that you have reached a decision.

35

II.    Findings Regarding Justification for a Death Sentence

A.    Non-Statutory Aggravating Factors

The government has alleged that the following non-statutory aggravating factors are present in this case. For each factor, answer "yes" or no according to whether you unanimously find that the government proved the existence of the factor beyond a reasonable doubt:

1.    The defendant poses a future danger to the lives and safety of other persons, as evidenced by one or more of the following:

    (a)    the offenses were part of a continuing pattern of threatened or impending violence;

    (b)    the defendant's lack of remorse.

        YES  __X__

        NO  _____

2.    The defendant caused permanent injury, loss and harm to the family, friends, co-workers and community of Charles Glenn Chick, Jr., based upon the victim's personal characteristics as an individual human being and the impact of his death on the victim's family, friends, co-workers and community.

        YES  __X__

        NO  _____

36

3.       The defendant caused permanent injury, loss and harm to the family, friends, co-workers and community  of Shirley Elliott Chick based upon the victim's personal characteristics as an individual human being and the impact of her death on the victim's family, friends, co-workers and community.

YES  _X_

NO  ____

4.       The defendant inflicted mental anguish, including Shirley Elliott Chick's uncertainty as to her ultimate fate, before Shirley Elliott Chick's death.

YES  _X_

NO  ____

Regardless of your findings on these non-statutory factors, you must proceed to the next section (II-B) of this Form.

B.       Mitigating Factors

The defendant has alleged that the following mitigating factors are present in this case. For each of these factors, answer "yes" or "no" according to whether any juror (or jurors) finds that the defendant has proved the existence of the factor by a preponderance of the evidence:

37

1.      The Defendant's capacity to appreciate the wrongfulness of his conduct or conform his conduct to the requirements of law was significantly impaired, regardless of whether the capacity was so impaired as to constitute a defense to the charge.

YES _____

NO _X_

2.      The Defendant did not have a significant prior history of other criminal conduct.

YES _X_

NO _____

3.      The Defendant committed the offenses under severe mental or emotional disturbance.

YES _____

NO _X_

4.      The Defendant served in the Navy and was honorably discharged.

YES _X_

NO _____

5.      The Defendant worked as a prison guard for the Oklahoma Department of Corrections.

YES _X_

NO _____

38

959

Appellate Case: 17-7031 Document: 01019826550 Date Filed: 06/16/2017 Page: 960 Sealed

6. The Defendant has special talents in cooking, art, and computers.

YES __X__

NO _____

7. The Defendant excelled in his manufacturing job at Kenco Plastics.

YES _____

NO __X__

8. The Defendant is a loved father.

YES __X__

NO _____

9. The Defendant is a loved brother.

YES __X__

NO _____

10. The Defendant is a loved son.

YES __X__

NO _____

11. The Defendant is a valued friend.

YES __X__

NO _____

960

12. The Defendant endured the death of his father months before the offenses.

YES    X

NO    _____

13. The Defendant's mother moved away weeks before the offenses.

YES    X

NO    _____

14. The Defendant's ex-wife and children moved away months before the offenses.

YES    X

NO    _____

15. The mother of the Defendant's children, Teresa Fields, has recently had cancer which may or may not be in remission.

YES    X

NO    _____

16. The Defendant's death will impact his children, family and friends.

YES    X

NO    _____

17. The Defendant cooperated with authorities after his arrest.

YES    X

NO    _____

40

961

6:03-cr-00073-RAW   Document 315-3   Filed in ED/OK on 06/17/20   Page 10 of 15
Case 6:03-cr-00073-RAW   Document 228   Filed 07/22/05   Page 9 of 14
Appellate Case: 17-7031   Document: 01019826550   Date Filed: 06/16/2017   Page: 962   Sealed

18.    The Defendant confessed to the crimes.

YES  _X_

NO  ____

19.    The Defendant pled guilty to the crimes.

YES  _X_

NO  ____

20.    The Defendant has expressed remorse for the crimes.

YES  ____

NO  _X_

21.    The Defendant sought treatment for his mental illness.

YES  _X_

NO  ____

22.    The Defendant will not present a future danger to society by being imprisoned

for life without possibility of release.

YES  ____

NO  _X_

As explained in the Court's instructions, the law permits you to consider any other

relevant mitigating information, in addition to the specific mitigating factors alleged by the

defendant listed above, so long as you find that it was proved by a preponderance of the

41

Case 6:03-cr-00073-RAW Document 228 Filed 07/22/05 Page 10 of 14

Appellate Case: 17-7031 Document: 01019826550 Date Filed: 06/16/2017 Page: 963 Sealed

evidence. As with specific mitigating factors, your findings in this regard need not be unanimous.

Did one or more jurors find that other relevant mitigating information was proved?

YES _____

NO __X__

If you answered "yes," list the additional mitigation information you found to be present in the space provided immediately below:

_____

_____

_____

When you have completed your findings regarding mitigation, proceed to the next section (II-C) of this Form, where you will weigh the aggravating factor[s] with the mitigating factor[s], if any, that you have found to be present in this case.

C.    Weighing Process

The question you must answer at this stage of your deliberations is whether the proven aggravating factor[s] sufficiently outweigh the proven mitigating factors and information to justify a sentence of death or, if you have not found any mitigation present, whether the aggravating factor[s] considered alone justify a death sentence. If you unanimously find that the weight of the aggravating factor[s] is sufficient to justify a sentence of death, answer "yes" below, record your verdict on section III-A (Sentence of Death), certify your decision

42

Case 6:03-cr-00073-RAW   Document 228   Filed 07/22/05   Page 11 of 14

Appellate Case: 17-7031   Document: 01019826550   Date Filed: 06/16/2017   Page: 964   Sealed

as described in section IV, and notify the court that you have reached a decision. If you do not unanimously find that a death sentence is justified, answer "no" below, stop your deliberations, sign section III-B (Life Imprisonment), certify your decision as described in section IV, and notify the court that you have reached a decision.

YES ___X___

NO _____

III. <u>Imposition of Sentence</u>

This is the last step in your deliberations. If you have made all of the findings necessary to make the defendant eligible for a death sentence and have unanimously concluded that such a sentence is justified and that a sentence of death is therefore appropriate in this case, record your decision by collectively signing the verdict set out in section A below, sign the certification that follows in section IV, and notify the court that you have reached a decision. If you do not unanimously conclude that a sentence of death is justified and therefore must be imposed, sign the verdict for life imprisonment set out in section B below, sign the certification in section IV, and notify the court that you have reached a decision.

964

## A. VERDICT – SENTENCE OF DEATH

Based upon our consideration of the evidence and in accordance with the court's instructions, we find by unanimous vote that a sentence of death shall be imposed on the defendant.

_James Foy_

_Stephen Timmins_

_James David Kerr Sr_

_Carol Parker_

_Ronald W Means_

_Myra L. Pipkin_

_Charla Foreman_

_Linda Rae Faircloth_

_Janie Criner_

_Angela Ketchum-Bates_

_Jerry Jason_

_Davey Willett_

Foreperson

Date: _July 22_, 2005

44

Appellate Case: 17-7031    Document: 01019826550    Date Filed: 06/16/2017    Page: 966    Sealed

## B. **VERDICT – LIFE IMPRISONMENT**

Based upon our consideration of the evidence and in accordance with the court's

instructions, we find that a sentence of life imprisonment without release shall be imposed

on the defendant.

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

                                           Foreperson

Date: _____, 2005

Appellate Case: 17-7031    Document: 01019826550    Date Filed: 06/16/2017    Page: 967    Sealed

## IV.    Certification

By signing below, each juror certifies that consideration of the race, color, religious beliefs, national origin, or gender of the defendant or the victim(s) was not involved in reaching his or her individual decision, and that the individual juror would have made the same decision regarding the appropriate sentence for the offense in question regardless of the race, color, religious beliefs, national origin, or gender of the defendant or the victim(s).

Foreperson

Date: July 22, 2005

46