**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

UNITED STATES OF AMERICA,

      *Respondent*,

v.

                                            **Case No. 6:03-cr-00073-RAW**

EDWARD LEON FIELDS, JR.,

      *Petitioner*.

## <u>DEFENDANT'S SUPPLEMENT TO RENEWED MOTION TO ALLOW WITNESS RICHARD BURR, ESQ., TO TESTIFY VIA VIDEO TELECONFERENCING</u>

Petitioner, Edward Leon Fields, through undersigned counsel, respectfully supplements his renewed request that the Court allow Richard Burr, Esq., to testify at the upcoming evidentiary hearing via video teleconferencing, and states the following in support:

1. On July 29, 2024, Mr. Fields filed a motion to allow certain witnesses, including Mr. Burr, to testify at the upcoming hearing via video teleconferencing. Doc. No. 372.

2. During a telephonic hearing on that motion on August 5, 2024, the Court explained that witnesses would be permitted to testify via video teleconferencing for health-related reasons only. Following the conference, the Court denied Petitioner's motion as to several witnesses, including Mr. Burr. Doc. No. 376.

3. In response to the Court's order, undersigned counsel contacted Mr. Burr to discuss his availability to testify in person.

4. On August 9, 2024, undersigned counsel filed a renewed motion to allow Mr. Burr to testify via video teleconference. Doc. 381. Counsel indicated that although Mr. Burr has no

health conditions that would preclude him from travelling, he is the primary caretaker for his wife, who suffers from ill health. *Id*.

5.  On August 12, 2024, the Court ordered Mr. Fields to supplement his motion with the following supporting information: (i) the length of Mr. Burr's expected testimony; (ii) the subject matter and relevance of his testimony to the evidentiary hearing; and (iii) the length of time his testimony would require him to be absent from his caretaking duties, including travel time and distance. Doc. No. 383.

6.  **Length of Mr. Burr's expected testimony:** undersigned counsel expects that Mr. Burr's direct examination would be approximately 20 minutes. In its witness list filed on August 12, 2024, the government did not indicate how long it anticipated for its cross-examination of Mr. Burr though it did give estimated cross-examination times for some of the other defense witnesses. Doc. No. 382.

7.  **Subject matter and relevance of Mr. Burr's testimony to the evidentiary hearing:** In the December 15, 2016, Opinion and Order denying Mr. Fields's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255, Judge Ronald White stated that, as it relates to trial counsel's performance on Claim 1 before this Court,

> [because emails were sent to "three assistant federal public defenders" in Ms. O'Connell's office, it] would imply that more counsel were available to assist on this case than those who actually made a formal appearance in the case. Additionally, Ms. O'Connell's emails establish that she consulted numerous times with attorneys from the National Capital Resource Counsel regarding the facts of this particular case and ideas on how best to defend it. *See,* Dkt. #s 110-1-110-10.

*See United States v. Fields*, Case No. 10-cv-115 (E.D. Okla.), Doc. 125 at 11. Throughout the pendency of Mr. Fields's trial, Mr. Burr was one of the Resource Counsel for the Federal Death Penalty Resource Counsel Project to whom Judge White referred. In response to this portion of

Judge White's opinion, Mr. Burr will testify to any contact he had with Mr. Fields's trial counsel and any assistance he provided to Mr. Fields's legal team.

8. **Length of time Mr. Burr would be absent from caretaking duties if he testifies in person:** Counsel believes that Mr. Burr's in-person testimony would require him to be away from home for approximately 24-30 hours over the course of two days, depending on the mode of travel. Mr. Burr lives in Leggett, Texas, which is 385 miles from the Muskogee federal courthouse. Travel by car is approximately 6.5 hours each way. If Mr. Burr travels by plane, that will take approximately 5.5 hours each way door-to-door via the airport in Houston, Texas. In either case, to ensure that any travel complications do not interfere with Mr. Burr's availability for testimony, his travel would require an overnight stay on the night before his testimony.

WHEREFORE, Petitioner respectfully requests that this Court GRANT his renewed motion with respect to Mr. Burr. A proposed order has been submitted via email to the Clerk of Court.

/s/ Hunter Labovitz
Hunter Labovitz
Federal Public Defender for the Western
District of Oklahoma
215 Dean A McGee Ave, Suite 201
Oklahoma City, OK 73102
Telephone: (405) 609-5930
hunter_labovitz@fd.org

Hayden Nelson-Major
Katherine Ensler
Federal Community Defender Office
for the Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Telephone: (215) 928-0520
katherine_ensler@fd.org
hayden_nelson-major@fd.org

Dated: August 13, 2024         *Counsel for Petitioner Edward Leon Fields, Jr.*

## CERTIFICATE OF SERVICE

I certify that on August 13, 2024, that the foregoing document was e-filed and that it is available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Hunter Labovitz
Hunter Labovitz
Assistant Federal Defender