**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| EDWARD LEON FIELDS, JR., | ) |
| | ) |
| *Petitioner*, | ) |
| | ) |
| v. | )      Criminal Case No. CR-03-73-RAW |
| | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
| *Respondent.* | ) |

## GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE IRRELEVANT AND HEARSAY EVIDENCE AND MEMORANDUM IN SUPPORT

**COMES NOW**, Respondent, the United States of America, by undersigned counsel, and submits this motion to exclude certain evidence and testimony from the evidentiary hearing set for October 7, 2024. The evidence and testimony in controversy is irrelevant to the issues before the Court or amounts to impermissible hearsay. The Court should, therefore, exclude the proposed testimony and evidence.

### PROCEDURAL HISTORY

Petitioner, Edward Leon Fields, pled guilty to two counts of murder in violation of 18 U.S.C. §§ 1111(a), 7(3), and 13 and several other crimes related to the homicides of Charles Glenn Chick, Jr., and his wife, Shirley Elliot Chick. Change of Plea Conference Minute Entry, June 30, 2005. As the government had filed a notice of intent to seek the death penalty against the Petitioner Doc. 38,[1] the Court conducted a penalty trial. The jury recommended a sentence of death. Doc. 228. The Petitioner appealed the judgment, the Tenth Circuit Court of Appeals affirmed, and the

---

[1] "Doc." refers to docket entries in case no. cr-03-73; "2255 Doc." refers to entries in case no. cv-10-00115. All page citations refer to the ECF assigned numbers.

U.S. Supreme Court declined review. *United States v. Fields*, 516 F.3d 923 (10th Cir. 2008), *cert. denied*, 556 U.S. 1167 (2009).

In 2010, Petitioner moved to vacate his sentence under 28 U.S.C. § 2255, asserting several grounds for relief, and later submitted an amended motion. 2255 Doc. 1, 106. The government moved for summary judgment, which the Court granted. 2255 Docs. 110, 125. The Petitioner appealed, and the Tenth Circuit granted a certificate of appealability on four issues. *See United States v. Fields*, 949 F.3d 1240, 1246 (10th Cir. 2019). The Tenth Circuit affirmed in part and reversed in part, remanding the case to the district court to conduct an evidentiary hearing on a claim that trial counsel ineffectively failed to adequately investigate and present evidence of the Petitioner's brain damage as alleged through a defense-retained expert, Dr. Michael Gelbort. *Id.* at 1259. The Tenth Circuit denied a claim that trial counsel ineffectively failed to present the Petitioner's social history as a mitigating factor. The Circuit Court declined to rule on the fourth claim of cumulative error and directed this Court to consider the cumulative error question after first conducting the evidentiary hearing. *Id.* at 1273. That hearing is set for October 7, 2024.

<u>GENERAL PRINCIPLES AND LEGAL STANDARDS</u>

The mandate rule "states 'that an inferior court has no power or authority to deviate from the mandate issued by an appellate court.'" *United States v. Walker*, 918 F.3d 1134, 1143 (10th Cir. 2019) (quoting *Briggs v. Pa. R.R. Co.*, 334 U.S. 304, 306 (1948)). District courts must therefore "'comply strictly' with the reviewing court's mandate." *United States v. Channon*, 973 F.3d 1105, 1110 (10th Cir. 2020) (quoting *Harte v. Bd. of Comm'rs of Johnson*, 940 F.3d 498, 510 (10th Cir. 2019)).

The practical effect of this rule–that the appellate court's mandate strictly limits the scope of any ensuing evidentiary proceeding–is seen in *United States v. Chavero*, Case. No. 13-cv-0791-

2

CVE-TLW, 2016 WL 1417824 at *4 (N.D. Okla., Apr. 8, 2016). There, the district court held an evidentiary hearing on remand from the Tenth Circuit related to a defendant's ineffective assistance of counsel claim. Specifically, the defendant had claimed in his § 2255 petition that trial counsel ineffectively failed to file a notice of appeal following sentencing. *Id*. at *2. In a reply in support of his § 2255 motion, the defendant asserted he was induced to sign a waiver of appellate rights based upon his trial attorney's false promises. The district court initially denied the claim without a hearing, and the Tenth Circuit remanded to develop the record concerning the allegations the defendant was induced to sign the waiver. *Id*. On remand, the defendant sought to attack alleged defects in the waiver form and his misunderstanding of it, claiming that the issues fell within the scope of the remand. *Id*. at *3. The district court refused to consider the novel arguments or supporting evidence, noting the Tenth Circuit's remand was limited to the question that animated its mandate—whether the defendant was induced to sign the form. *Id*. at *4; *see also United States v. Chavero*, 671 F. App'x 706 (10th Cir. 2016) (denying certificate of appeal after the district court denied relief).

Given this limitation on the scope of any evidentiary hearing ordered on remand, this Court must determine relevance—and thus the admissibility—of any evidence offered in such a proceeding against the appellate mandate. *See* Fed. R. Evid. 401; *United States v. Francischine*, 512 F.2d 827, 829 (5th Cir. 1975) (applying the Federal Rules of Evidence to § 2255 proceedings); *United States v. Duong*, Case No. CR-02-36-F, 2006 WL 2973176 at *16 (W.D. Okla. Oct. 16, 2006) (same). Relevant evidence is that which "has any tendency to make a fact more or less probable than it would be without the evidence" and the "fact is of consequence in determining the action." Fed. R. Evid. 401. Evidence or testimony that is not relevant to those issues should be excluded. *See Brown v. Dist. Of Columbia*, 581 F. Supp. 3d 81, 85-86 (D.D.C. 2022) (excluding

3

evidence irrelevant to the specific issues on remand).

**ARGUMENT**

**I.     EVIDENCE UNRELATED TO TRIAL COUNSEL'S HANDLING OF THE DEFENDANT'S MENTAL HEALTH IS IRRELEVANT**

When it ordered the upcoming evidentiary hearing, the Tenth Circuit stated, "we must remand the case to the district court to conduct an evidentiary hearing on Fields' claim that his trial counsel was ineffective for failing to adequately investigate and present at trial the testimony of Gelbort." *Fields*, 949 F.3d at 1259. The circuit court did not order an evidentiary hearing on any other claim, and it declined to consider only one other issue—cumulative error—which it directed this Court to consider *after* the evidentiary hearing. *Id*. at 1273. The mandate therefore limited the evidentiary hearing to trial counsel's handling of Dr. Gelbort's testimony. Indeed, this Court recognized the scope of the remand in its minute order of July 20, 2020, which stated, "an evidentiary hearing is required as to defendant's claim that his trial counsel was ineffective for failing to adequately investigate and present evidence of his organic brain damage." Doc. 317.

Despite the clear scope of the mandate, the Petitioner has listed several witnesses and exhibits that are plainly irrelevant to the issue before the Court.

**A.     Proposed evidence and testimony related to social history**

The Petitioner listed Art Cody, Joseph Stanik, Raymond Mach, and Cherie Fields as witnesses in the upcoming evidentiary hearing. Doc. 385 at 2-3. Cody is offered as an expert on the Petitioner's Navy service, and Stanik and Mach are offered as lay witnesses on the same issue. Dec. of Art Cody, Def. Ex. 25; Dec. of Joseph Stanik, Def. Ex. 70; Dec. of Raymond Mach, Def. Ex. 69. Cherie Fields is offered to provide background on the Petitioner, his family, his upbringing, and presumably to provide commentary on Mr. Fields' trial team. 2255 Doc. 106-27. None of these individuals can testify about the Petitioner's mental health claim. Instead, they can

4

speak solely to the Petitioner's social history, which is outside the scope of the evidentiary hearing ordered by the Tenth Circuit. In fact, this Court has determined—and the Tenth Circuit agreed—that trial counsel did not ineffectively omit social history, finding such information might have supported additional mitigators but would have undercut trial counsel's strategy. *Fields*, 949 F.3d at 1268. This Court should exclude the proffered witnesses as irrelevant to the proceeding ordered by the appellate panel.

Petitioner did not rely on any of these witnesses to support his mental health ineffectiveness claims in his amended petition. *See* 2255 Doc. 106 at p. 8-63. Cherie Fields is not mentioned in the petition until Ground Four. *See* 2255 Doc. 106 at 93. Her affidavit in support of the petition addressed only social history, not mental health issues. *See* 2255 Doc. 106-27 at 1-6.[2] As for Cody, Stanik, and Mach, their affidavits were not sworn until 2022, two years after the Tenth Circuit remanded the mental health claim, and nothing in their potential testimony speaks to mental health issues.

These four witnesses fall clearly outside the scope of the evidentiary hearing. They have no knowledge concerning the Petitioner's sole surviving ineffectiveness claim, and their proposed testimony is therefore irrelevant. Their knowledge is limited to a claim this Court resolved in the government's favor. In affirming that decision on prejudice grounds, as stated above, the Tenth Circuit observed that the government had not materially disputed the social history evidence. *Fields*, 949 at 1268. This Court and the Tenth Circuit unequivocally closed the door previously on an evidentiary hearing as to the Petitioner's social history. The courts have fully resolved the Petitioner's timely ineffectiveness claim regarding social history evidence. He cannot present a

---

[2] One listed witness, Gloria Shettles, has knowledge of the Petitioner's social history and mental health claim. Her testimony should be restricted to the latter issue.

new claim without permission from the appellate court. *See* 28 U.S.C. § 2244; § 2255(h).

To the extent the Petitioner may claim the proffered witnesses would inform resolution of the outstanding cumulative error claim, that argument fails. The Tenth Circuit did not order factual development of the cumulative error theory. Rather, it directed this Court to evaluate cumulative error in view of the failed social history claim and any evidence the Petitioner might develop in support of his brain damage theory. The Tenth Circuit did not provide the Petitioner with a license to reimagine his § 2255 claims more than 15 years after the finality of his conviction and sentence. *See* 28 U.S.C. § 2255(f) (imposing a one-year period of limitation for filing a motion to vacate). The appellate court clearly viewed an evidentiary hearing as unnecessary to resolve the social history claim, and therefore did not order one. Accordingly, this Court can and should evaluate the cumulative error issue, as ordered on remand, without the additional and irrelevant testimony the Petitioner proposes.

This Court should, thus, exclude the testimony of Art Cody, Joseph Stanik, Raymond Mach, and Cherie Fields.

**B.     Proposed evidence and testimony related to behavior while incarcerated**

The Petitioner listed Maureen Baird as an expert who could testify as to his behavior while incarcerated, his adjustment to prison life, and his outlook for the future. *See* Doc. 385 at 3; Dec. of Maureen Baird, Def. Ex. 27. These matters clearly fall outside the scope of this evidentiary hearing and the issues raised in his petition. *See generally* 2255 Doc. 106. The petition discusses future dangerousness only in the context of allegations of government misconduct. It omits any allegation that the future dangerousness aggravating factor was improperly alleged or proven. *Id*. Further, the petition does not allege that trial counsel was ineffective for not calling an expert on future dangerousness. Ms. Baird's testimony can provide nothing more than post-hoc mitigation

evidence completely irrelevant to the issue in the evidentiary hearing. She should be excluded from testifying.

## II. TESTIMONY RELATED TO MENTAL HEALTH ISSUES BUT IRRELEVANT TO THE PARTICULAR ISSUES IN THIS HEARING.

The Petitioner seeks to present tangential evidence related to mental health issues that this Court should exclude as irrelevant given its exceptional attenuation from the issues at hand.

### A. Expert testimony regarding the *Strickland* standard

The Petitioner listed Gloria Shettles as an expert witness, presumably to testify about the mitigation investigation and its adequacy under the standard articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). Richard Burr is also listed as a witness who can describe some limited interactions between trial counsel and Capital Resource Counsel. Doc. 385 at 2. But much of Mr. Burr's declaration, filed in support of a trial motion Doc 65, relates to the standards governing mitigating investigations and presentations in capital cases. Similarly, other attorneys are listed as witnesses who might offer opinions as to the reasonableness of trial counsel's conduct. Such testimony should be excluded.[3]

Expert testimony relies on "scientific, technical, or other specialized knowledge," and is governed by Federal Rule of Evidence 702. Fed. R. Evid. 701, 702. Admittedly, testimony regarding the adequacy of a capital mitigation investigation relies on specialized knowledge. *See Dinsmore & Shohl LLP v. Gray*, Case No. 1:14-cv-900, 2016 WL 11784514 at *1 (S.D. Ohio April 5, 2016) (matters such as "attorneys' ethics, duties of an attorney to his clients, and the

---

[3] The defendant has informed the Court that Mr. Burr will testify only to his interactions with the trial team. Doc. 386 at 2-3. The government has no objection to that testimony, but instead discusses this point only to highlight that in a case where numerous attorney-witnesses will testify, the Court should restrict that testimony only to their factual knowledge of the defendant's representation and bar opinions as to the reasonableness of trial counsel's acts and omissions.

reasonableness of attorney's fees . . . constitute a body of specialized knowledge that is beyond the knowledge and experience of lay jurors."). But specialized knowledge is admissible only if it is more likely than not to "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702.

Expert testimony on legal standards, including the standard for ineffectiveness set out in *Strickland*, provides no assistance when the trier of fact is more than capable of understanding and applying the applicable rule. *See Bonin v. Calderon*, 59 F.3d 815, 838 (9th Cir. 1995) (holding that the district court's failure to admit testimony of a *Strickland* expert was not an abuse of discretion where the "judge is himself qualified to assess the likely responses of a jury to certain evidence and is also qualified to understand the legal analysis required by *Strickland*"). Indeed, the *Strickland* opinion notes that prevailing norms are merely "guides to determining what is reasonable," but no "particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant." 466 U.S. at 688-89. Unsurprisingly, courts have regularly excluded "*Strickland* experts" as unhelpful, though there exists no categorical bar on their testimony. *See, e.g., Duckett v. Mullin*, 306 F.3d 982, 999 (10th Cir. 2002) (affirming district court's refusal to appoint a *Strickland* expert, finding that the "district court . . . was eminently suited to determine the essentially legal question of whether defense counsel's adoption of its legal strategy was or was not deficient."); *see also Heishman v. Ayers*, 621 F.3d 1030, 1042 (9th Cir. 2010) (finding no error in district court's exclusion of *Strickland* experts); *Hovey v. Ayers*, 458 F.3d 892, 910 (9th Cir. 2006) (same).

Ultimately, this Court must resolve the adequacy of trial counsel's representation, and cannot do so "by plebiscite, by affidavits, by deposition, or by live testimony. It is a question of

law to be decided by" this Court. *Provenzano v. Singletary*, 148 F.3d 1327, 1332 (11th Cir. 1998). Accordingly, it should exclude as irrelevant any expert testimony concerning the standard articulated in *Strickland* as irrelevant and an invasion of the province of the bench.

### B.   Testimony regarding counsel's performance in other cases

The Petitioner submitted an affidavit from proffered witness, Steven Nolder, discussing interactions with Isaiah Gant, one of the trial attorneys, in this case. Doc. 385 at 1; 2255 Doc. 106-34. Nolder criticizes Gant's work ethic and limited involvement in another trial. To the extent the Petitioner intends to elicit such testimony at the evidentiary hearing, the Court should bar it as irrelevant and otherwise inadmissible.

This evidentiary hearing concerns the adequacy of trial counsel in *this* case. Their conduct in other matters does not offer insight into their performance in the Petitioner's case. *See Gonzalez v. Caden*, Case No. CV 04-4795-GAF (PLA), 2011 WL 6294302 at *18 n.15 (C.D. Cal. Dec. 14, 2011) (the fact that defense counsel was found ineffective in other cases was irrelevant to the prejudice inquiry); *Moore v. Chrones*, 6878 F. Supp. 2d 1005, 1030 n.13 (C.D. Cal. 2010) ("the relevant inquiry on an ineffective assistance claim is whether counsel's performance was deficient and caused prejudice in connection with the particular defendant and trial in issue, not what occurred in other cases."). In fact, the proposed testimony smacks of character trait or bad acts evidence under Fed. R. Evid. 404, evidence inadmissible to prove anything about Mr. Gant's performance at the instant trial.

Gant's conduct in an unrelated case is irrelevant to the question of whether the Petitioner received ineffective assistance at his trial. *See also* 2255 Doc. 125 at 10 (noting "the record reveals there were actually four (4) attorneys who made appearances in this matter, three of whom were from the local federal defender's office and each of those attorneys had substantial federal and/or

state criminal trial experience."). Therefore, to the extent the Petitioner seeks to elicit testimony regarding Mr. Gant's behavior in other cases, the Court should exclude it.

### C.    Hearsay

Nolder's affidavit also describes a conversation he had with the Petitioner's lead trial counsel, Julia O'Connell, in which she complained about Mr. Gant's conduct in this case. 2255 Doc. 106-34 at 4. The Court should exclude any testimony by Nolder that would purport to convey statements O'Connell made to him about Gant, which would constitute inadmissible hearsay— out-of-court statement offered for the truth of the matter. Fed. R. Evid. 801. As noted above, the Federal Rules of Evidence apply in evidentiary hearings under § 2255, and courts frequently exclude hearsay evidence from those proceedings. *See Brady v. United States,* 404 F.2d 601, 602 (10th Cir. 1968) (concluding district court properly excluded hearsay in a § 2255 hearing), *aff'd*, 397 U.S. 742 (1970); *see also Russell v. United States*, No. 11-20557-CIV, 2013 WL 6576860 at *15 (S.D. Fla. Dec. 13, 2013) (giving no weight to hearsay testimony in a § 2255 evidentiary hearing; *Casarez v. United States,* No. CR M-99-547, 2006 WL 8445851, at *8 (S.D. Tex. Sept. 13, 2006), *report and recommendation adopted*, No. CR M-99-547, 2006 WL 8445852 (S.D. Tex. Sept. 28, 2006) (holding hearsay evidence inadmissible during a § 2255 evidentiary hearing). This Court should take the same approach and exclude Nolder's account of his conversation with Ms. O'Connell. Indeed, because Nolder can offer only hearsay accounts of another witness's remarks and commentary about Gant's performance in a different case, this Court should exclude his testimony in total.

### D.    Expert testimony regarding scoring errors

The Petitioner intends to call two expert witnesses to opine about alleged errors made by the government's mental health expert, Dr. Randy Price, in his trial testimony and underlying

10

evaluation of the Petitioner. Doc. 385 at 2. In affidavits submitted with the amended petition, Drs. Clipson and Kaufman discuss scoring and administration errors and the "practice effect" that might have helped the Petitioner perform better on psychological tests administered by Price. 2255 Doc. 106-36 and 106-37. Yet Petitioner did not allege that his trial counsel should have retained those experts or experts like them. Rather, he argued that counsel should have cross-examined Dr. Price on those issues and called Dr. Gelbort as a witness. 2255 Doc. 106 at 49-51. Not until the Petitioner's response to the government's motion for summary judgment did he argue that trial counsel should have called an expert "such as Dr. Gelbort, Dr. Clipson, or Dr. Kaufman." 2255 Doc. 119 at 41. However, it seems clear, the Petitioner's timely claim boiled down to a complaint that trial counsel failed to rely on Dr. Gelbort to undermine Dr. Price's conclusions. *See id.* at n.24 (discussing trial counsel's consideration of using Dr. Gelbort to consult on Dr. Price's cross-examination). Indeed, the Tenth Circuit interpreted the argument in that manner, as its mandate requires a hearing on whether Petitioner suffered prejudice because counsel did not call Dr. Gelbort, not for a failure to call some other expert. *Fields*, 949 F.3d at 1259.

Briefly stated, the Court must determine whether trial counsel should have used Gelbort to undermine Price, and whether Petitioner suffered prejudice from that omission. The Court may consider what Gelbort identifies as errors in Price's work and testimony, not the critiques of separate experts who had no connection to the trial or the claim advanced in the amended Petition. The Petitioner cannot present the opinions of his new experts and ask Gelbort to merely adopt them, as if he could provide some post hoc revision of his views at the time of trial. The Court must consider only *Gelbort's* potential testimony or advice to the trial team. *See Young v. Att'y Gen. for New Mexico*, 534 F. App'x 707, 711 (10th Cir. 2013) (to show prejudice, a petitioner must demonstrate what an expert "would have said that would have been helpful to his defense."); *see*

*also Matylinsky v Budge*, 577 F.3d 1083, 1096-97 (9th Cir. 2009) (in the absence of a declaration by the witnesses demonstrating what they would have said at trial, a petitioner cannot meet his burden to affirmatively show prejudice from the failure to call the witnesses); *Grisby v. Blodgett*, 130 F.3d 365, 372 (9th Cir. 1997) ("speculation about what an expert could have said is not enough to establish prejudice").

Any testimony from Clipson and Kaufman amounts to speculation as to what Gelbort could have said in 2005 had he prepared with their assistance. The Court need not waste time with such speculation. Rather, Gelbort himself can provide any probative testimony to explain the ambit of his views and knowledge at the time of trial, and what he could have potentially provided in the way of ammunition for cross-examination had defense counsel actually called upon his expertise. This limitation is critical because Gelbort may not have looked for or recognized the alleged errors in Price's work. Gelbort told trial counsel that his findings were consistent with Price's, and that their main area of disagreement was the significance of the results. *See* 2255 Doc. 119-12. This statement at least raises the possibility that Gelbort would have never asked for, examined, or critiqued Dr. Price's administration or scoring of neuropsychological tests, even if defense counsel had called him at trial and relied upon him for advice on cross-examination. In any event, the appropriate source for that testimony—how Gelbort could have aided the defense in cross-examining Price—is Gelbort himself. Accordingly, the Court should not entertain speculation that Gelbort might have reached the conclusions offered years later by Clipson and Kaufman, and should rather restrict any critiques of Price's work to the testimony of Gelbort.

## CONCLUSION

For the reasons discussed herein, the Court should grant the Government's Motion *in limine.*

Respectfully submitted,

CHRISTOPHER J. WILSON
United States Attorney
Eastern District of Oklahoma

*/S/ Christopher J. Wilson*
CHRISTOPHER J. WILSON, OBA # 13801
Assistant United States Attorney
520 Denison Ave
Muskogee, OK 74401
Telephone: (918) 684-5100
Fax: (918) 684-5150
chris.wilson@usdoj.gov

*/S/ Aaron J. Stewart*
AARON J. STEWART OBA #31721
Trial Attorney, Capital Case Section
U.S. Dept. of Justice
1331 F Street, NW; Rm. 656
Washington, DC 20530
Telephone: (202) 353-0254
Fax: (202) 353-9779
aaron.j.stewart@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I, hereby certify that on August 19, 2024, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Hunter Labovitz, Attorney for Petitioner
Hayden Neslon-Major, Attorney for Petitioner
Katherine E. Ensler, Attorney for Petitioner

*/S/ Aaron J. Stewart*
Trial Attorney
